[COMMON LAW.]

## GREEN v. WATKINS.

In a writ of right, the tenant cannot give in evidence the title of a third person, with which he has no privity, unless it be for the purpose of disproving the demandant's seisin.

Therefore, where the demandant proves an actual seisin, by a *pedis positio*, the tenant cannot be permitted to prove a superior outstanding title, since it does not disprove the demandant's seisin.

But where the demandant relies for proof of seisin, solely upon a con-

structive actual seisin, in virtue of a patent from the State, of vacant lands, the tenant may show that the land has been previously granted by the State, for that devests the title of the State, and disproves the demandant's constructive seisin.

A writ of right brings into controversy only the titles of the parties to the suit, and is a comparison of those titles; and either party may therefore prove any fact which defeats the title of the other, or shows it never had a legal exisience, or has been parted with.

The case of *Green v. Liter*, 8 *Cranch*, 229. commented on, and explained.

*Feb. 5th.*　　THIS cause was argued by Mr. *Montgomery*, for the plaintiff in error, and by Mr. *B. Hardin*, for the defendant.

*Feb. 12th.*　　Mr. Justice STORY delivered the opinion of the Court.

The record in this case presents a great variety of facts, out of which several important questions have arisen; but as the merits of the cause may, in the opinion of the Court, be completely disposed of by the decision of a single point, the facts which illustrate that point will alone be mentioned.

This is a writ of right, originally brought by the plaintiff in error, against the defendant in error, to recover a certain tract of land in Kentucky, described in the writ. Issue being joined on the mere right between the parties, the demandant, to sustain his suit, gave in evidence a patent of the land in question, granted to him by the Commonwealth of Virginia, and dated the 28h day of January, 1784, and offered proof of the boundary. But he offered no proof, other than his patent, that he was ever seized of the land in question. According to the de-

cision of this Court, in *Green* v. *Liter,* ( 8 *Cranch,* 229.) a patent of vacant lands of the State conveys to the grantee a constructive actual seisin, sufficient to maintain a writ of right ; and therefore the demandant in this case entitled himself *prima facie,* upon this evidence, to a recovery. To rebut this conclusion, the tenants offered in evidence, as well for the purpose of proving title in themselves, as to show that the demandant was never seized of the premises, certain patents from the Commonwealth of Virginia, which included the premises, to wit, a patent to John Lewis and Richard May, dated the first of June, 1782 ; a patent to Edmund Eggleston, dated the same day and year ; and a patent to John Gratton, dated the same day and year ; and a patent to Isham Watkins of the same date : under which patents the tenants endeavoured to derive by mesne conveyances a good title to themselves in severalty. To the regularity of the title of the tenants so derived, the demandant took several objections, which were overruled by the Court, and the conveyances were admitted in evidence ; and if, in point of law, the patents so offered in evidence by the tenants were admissible, for the purpose of showing that the demandant never had any constructive actual seisin in the premises, which was the only seisin on which he relied, the regularity of these mesne conveyances to the tenant becomes wholly immaterial, since, if these patents were still outstanding in strangers, they would, if admissible, all establish the same defect of seisin in the demandant. The question, then, which meets us at the threshhold of this cause is, whether it

1822.

Green
v.
Watkins.

Where the demandant relies for proof of seisin, soiely upon a constructive actual seisin in virtue of a patent from the State, of vacant lands, the tenant may show, that the land has been previously granted by the state, for that devests the title of the State and disproves the demandant's constructive seisin.

be competent for the tenants, in a writ of right, where the demandant shows no seisin by a *pedis positio,* but relies wholly on a constructive actual seisin, in virtue of a patent of the land, as vacant land, to disprove that constructive seisin, by showing that the State had previously granted the same land to other persons, with whom the tenants claim no privity. In other words, whether the tenants can set up title and seisin in a stranger, to disprove the seisin of the demandant : and, upon the fullest consideration, we are all of opinion that they may. The reasoning on which our opinion is founded, is this ; the mise joined in a writ of right, necessarily involves the titles of both parties to the suit, and institutes a comparison between them. It is consequently the right of each party, to give any fact in evidence, which destroys the title of the other ; for the question in controversy is, which hath the better mere right to hold the demanded premises. It has been already decided by this Court, and is indeed among the best established doctrines of the common law, that seisin in deed either by possession of the land, and perception of profits, or by construction of law, is indispensable to enable the demandant to maintain his suit. The tenant may therefore show in his defence, that the demandant had no such actual seisin ; for the seisin of the freehold by the tenant, which is admitted by the bringing of the suit against him, is a sufficient title for the tenant, until the demandant can show a better title. The tenant may thus defeat the demandant, by proving that he never had any such seisin in deed ; or if he once had it, that he has parted with

his whole estate, by a conveyance competent to convey, and actually conveying it.

To apply this doctrine to the present case. The demandant here relies, not on a seisin in deed, by a *pedis positio*, but on a seisin in deed by construction of law, in virtue of his patent. If the land included in the grant belonged, at the time of the conveyance, to the State, and was vacant, upon the principles already asserted by this Court, it conveyed, by operation of law, a seisin in deed to the demandant. But if the State had already granted the land by a prior patent, it was already, upon the same principles, in the adverse seisin of another grantee, and, consequently, the patent to the demandant could not convey either title or seisin. It is, therefore, manifest, that for this purpose, to disprove the seisin of the demandant, the tenants in this case were entitled to introduce the four patents above stated, (even if they failed to establish a privity of estate in themselves,) since these patents were all prior to that of the demandant, included the land, and, if admitted, would show, that the seisin in deed, by mere construction of law upon the grant of his patent, never had a real existence.

It has been supposed, however, at the bar, that the case of *Green* v. *Liter* establishes a different doctrine on this point. In our opinion, that case does not justify any such conclusion; and certainly was not understood by the Court to require it. It will be recollected, that the case of Green v. Liter came before this Court upon a division of opinion of the Judges of the Circuit Court upon certain questions

of law, stated in the record.  To those questions, in the form in. which they. were stated, and to those questions only, could the opinion of this Court properly. extend.  In answer to the fifth question, which involved the inquiry, whether actual seisin, or, as it is commonly expressed, seisin in deed, is necessary to maintain a writ of right, and whether a patent from the State, of its vacant lands, conferred, by construction of law, a seisin in deed to the grantee, this Court expressed an unhesitating opinion in the affirmative on both points.  It follows, therefore, by necessary inference from this doctrine, that the tenant may disprove the demandant's seisin in deed by any evidence competent for this purpose; and if he succeeds in establishing the fact, the demandant must fail in his suit.  That the proof of a prior patent of the same lands to another person would be sufficient for this purpose, in a case where the demandant relied exclusively upon a constructive seisin in deed, in virtue of the grant of his patent, has been already asserted.  The eighth question propounded to the Court, in Green v. Liter, is that, however, upon which the difficulty at the. bar has arisen.  It is in these words: " Can the defendant defend himself by an older and better existing title than the demandants in a third person ?" Now, it is material to consider, that this question does not purport to inquire whether the tenant may disprove the defendant's seisin in a writ of right; nor does it purport to inquire whether the tenant may not show that the demandant has no title, or a title defective in point of legal operation.  It supposes that the demandant has a

1822.

Green
v.
Watkins.

title *per se*, sufficient for a recovery, and then asks if a *better* title may be shown in a third person to defeat such recovery. The answer of the Court is in the following words: " We are of opinion that a *better* subsisting adverse title in a third person is no defence in a writ of right. That writ brings into controversy only the mere rights of the parties to the suit." It is most manifest, that in this answer the Court proceed upon the supposition that the demandant has, *prima facie*, a good title, upon which he may maintain his suit; and that he has established a seisin sufficient, in point of law, to entitle him to a recovery. And the point then is, whether a superior adverse title and seisin in a stranger can be given in evidence to dispute such recovery. The very reason assigned against the admission of such evidence shows the understanding of the Court to be precisely what we now assert. It cannot be admitted, because a writ of right does not bring into controversy the right of the demandant as against all the world, but the mere right of the parties to the suit. But it does bring into controversy the mere right between *these parties;* and if so, it, by consequence, authorizes either party to establish, by evidence, that the other has no right whatsoever in the demanded premises; or that his mere right is inferior to that set up against him.

If, in the case at bar, the demandant had established an actual seisin by occupation of the land, and taking the esplees, the case would then have presented precisely the point which was understood to be presented in Green v. Liter; and from the opinion

1822.

Green
v.
Watkins.

given in that case, on that point, there is not the slightest inclination in this Court to depart. We think that the decision in the present case may well be made upon the principles which have been already expounded, without, in any degree, breaking in upon the doctrines of that case.

If we are right in this view of the subject, it is unnecessary to enter into a minute examination of the points made in the Court below, since the evidence which was objected to, was, under the circumstances of the case, clearly admissible, for the purpose of disproving the seisin of the demandant.

As to the instructions prayed for by the demandant, in the close of the evidence, and refused by the Court, and as to the instructions actually given by the Court, to the jury, it does seem necessary to pass them in minute review. Several of them turn altogether upon the deduction of title by the tenant, from the original patentee, whose patents they set up in defence. And as to the claims, they may be disposed of by the single remark, that no error has been shown by them, in the argument here, and no error is perceived by the Court.

Judgment affirmed.