Allen, J.
From the special verdict it appears that the land in controversy was embraced in two patents, and the demandant claimed under the junior grant. The tenant in possession is not found to claim under the elder grant, nor is any privity shewn to exist between him and those claiming under the first patent. Facts are found tending to shew a continued possession of the land by him: but in the view I have taken of the case, I deem it unnecessary to express any opinion upon the character of his possession, and shall consider the question as if he were a mere occupant without claim or colour of title. Every possession of land has the presumption of right in its favour, and until such presumption is destroyed by proof, the possession is adverse : and the actual occupation and enjoyment of land in the accustomed mode, without any recognition *267 by the occupant of title in another, or disavowal of right in himself, would, in the absence of all proof to the contrary, raise the presumption that he held as owner. Where, however, no claim of right has been made, the law adjudges the possession to be in subservience to the legal owner (Jackson v. Thomas, 16 Johns. R. 293.); for he cannot claim the benefit of a legal presumption, who has shewn by his acts that no such presumption exists. But without dwelling on this branch of the case, involving, as it does, questions of deep interest to many individuals, it is sufficient here to say that the demandant by this proceeding admits the tenant, for the purposes of this action, to be tenant of the freehold. This seisin thus conceded is sufficient for the tenant, if he can establish that the demandant, or those under whom he claims, had no such seisin as is required to maintain a writ of right.
The special verdict does not, in terms, find a seisin in the demandant or those under whom he claims. This perhaps would of itself be a sufficient objection to a judgment in favour of the demandant on this verdict. In Barnes v. Williams, 11 Wheaton 415. it appeared that the claim of the plaintiffs was founded on a bequest of slaves, and it was essential to a recovery at law that the assent of the executors should be proved. Chief justice Marshall said, that although, in the opinion of the court, there was sufficient evidence in the special verdict from which the jury might have found the fact, yet they had not found it, and the court, on a special verdict, could not intend it. In Watts v. Cole &c. 2 Leigh 662. it is said that seisin cannot be presumed by the court, even if the jury had found facts from which they might have properly presumed it. But passing this objection, which, if nothing more appeared, might require a venire facias de novo, have the jury found any evidence of the fact, which would have justified the finding of seisin in the demandant ? If not,—if the *268 facts found disprove such seisin, it would be useless to send the parties back for another trial.
The commonwealth, according to the uniform course of decision, cannot be disseised of the public domain. Her estate is divested by her grant, and vested in the patentee. Such grant confers title on the grantee, and therefore must confer seisin, one of the essential requisites of a complete title. Accordingly it has been uniformly held that a patent confers constructive seisin in deed, sufficient to enable the patentee to maintain his writ of right. Clay v. White &c. 1 Munf. 162. Green v. Liter &c. 8 Cranch 229. Green v. Watkins, 7 Wheaton 27. But seisin of some kind must be shewn, either the constructive seisin in deed by the operation of the grant, or seisin in deed by the possession of the land and the perception of the profits. When seisin of either kind is shewn in the demandant, according to the decision of the supreme court in Green v. Liter &c. it is not competent for the tenant to defeat the action by evidence of a superior outstanding title in a third person.
The special verdict in this case finds that the land was embraced in the elder patent to Mercer and others. That grant conferred upon the grantees the ‘seisin of the commonwealth, and disproved the constructive seisin in deed in the demandant and those under whom he claimed. To sustain his action on his junior grant, he must prove that he had seisin in deed by the actual possession and perception of the profits. The land at the date of his grant was in the adverse seisin of those claiming under the senior patent; and as two claiming under different grants, and adverse to each other, cannot be seized of the same land at the same time, the junior patentee can only establish an actual seisin in himself by proving an ouster of those holding under the prior grant.
The only fact found tending to prove such ouster of the senior patentee and seisin by the demandant, is, *269 that in the year 1824 or 1825 the patentee visited the county of Kanawha, where the lands are situated, and employed an agent to enter upon and survey the tract of land in question, and various other tracts claimed by him in that county; and that the said agent immediately thereafter employed a surveyor and chain carriers, who went upon the said tract, and surveyed and re-marked the same for the patentee. ,Wbat acts of ownership will be sufficient to constitute an ouster of the senior patentee, and invest the junior patentee with actual seisin in deed, must in a great measure depend on the circumstances of each case. Where seisin of the latter kind is relied on, the rule is generally laid down that it must be evidenced by an actual occupation and taking of the esflees. Cases may be put (as of a barren rock) where there are no esplees: still there must be some application of the land to some purpose of which it is susceptible. It is not necessary that the land should be enclosed or built upon, or actually cultivated or cleared ; but to operate a disseisin of one having right, the entry should be made under the claim of title, with the intention of taking possession, and be accompanied with such visible acts of ownership as from their nature indicate a notorious claim of property in the land. The character of the acts necessary to give such seisin must necessarily vary with the situation of the land and the condition of the country. In a settled and cultivated region, an actual occupation and pernancy of the profits might be required ; whilst in the wilderness, a possession of a less definite character might suffice, if the jury should be satisfied that the property was not susceptible of a more strict occupation. However difficult it may be to lay down any precise rule adapted to every case, I am satisfied that the facts found in this verdict would not have warranted the jury in finding an ouster of the rightful owner and a seisin in the demandant. It has *270 never been held that a subsequent entry and survey (acts which must precede a patent) of themselves worked a disseisin of the elder patentee. Here it does not appear with what intention the entry was made. The inference from the whole finding is, that the entry was made, not with the intent to take possession,—to give notice to adverse claimants and the community of an actual, visible and exclusive possession of the land, but with the intent to ascertain the boundaries of land claimed by the party, and to preserve the evidence with a view to some future occupation or act of ownership. To give to such a transaction the effect of an actual ouster of the true owner, would be establishing a principle by which every proprietor of vacant lands might be disseised without his knowledge or the possibility of protecting himself. There is great reason for requiring strict and satisfactory proof of such a possession as is notorious and exclusive, when seisin so acquired is alone relied on to counteract the effect of evidence adduced by the tenant, of an outstanding better title in a third person. For, if the possession of the tenant is without claim or colour of title, his possession is in subservience to the legal owner; he is in fact a tenant at sufferance of the holder of the better title, and such a possession could not be divested but by an actual pedis positio and taking of the profits.
I think the judgment should be reversed, and a judgment entered for the tenant.
The other judges concurring, judgment reversed with costs, and judgment entered for the tenant.