## LYON'S HEIRS vs. MOTTUSE.

1. A writ of right at common law would lie only to recover a fee simple estate, and in favor of him who had the fee simple title.

2. A count which does not allege a seizin in fee simple, either in the demandant or in the ancestor through whom he claims, is defective as a count in a writ of right, although it alleges the disseizin of the demandant's ancestor.

3. But it is sufficient as a count in a writ of entry sur disseizin, especially after verdict, the gist of that action being the wrongful disseizin without regard to the mere right of property.

4. A count which alleges the disseizin of the demandant's ancestor, and which is insufficient as a count in a writ of right for want of an averment of seizin in fee, must be considered as a count in a writ of entry.

5. The character of a suit is determined by the declaration, and not by the plea.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

THE opinion in this case decides that the action is a writ of entry sur disseizin, and not a writ of right. The demandants, by their declaration, "demand against Cataline Mottuse, by a writ of right, those certain parcels of land," &c. (describing them,) "which they, the plaintiffs, claim to be their right and estate, as heirs of James Lyon, deceased, and whereof the said Cataline Mottuse unjustly and without judgment disseized their said ancestor within the last thirty years." The declaration then sets out their pedigree, and concludes thus, " and of this, their right aforesaid, the plaintiffs offer to make proof." The

Lyon's Heirs. v. Mottuse.

defendant's plea, is thus stated: "The defendant joins in the mise in short by consent." The court charged the jury, that under the evidence in the case, the title of the plaintiffs was superior to that of the defendant, but to entitle them to a recovery they must prove the disseizin of their ancestor within thirty years next before the commencement of the suit. There was a verdict and judgment for the defendant.

SEWALL, for plaintiffs in error:

1. The averment of disseizin in a writ of right is unnecessary, and must be regarded as surplusage, and need not be proved.— 3 Co. Litt. (223) n. (225;) Jackson on Real Actions, 277, 286; 3 Black. 150, 193-4. All beyond what is necessary to constitute the cause of complaint is surplusage, and need not be proved.—1 Chitty Pl. 229-30.

The averment of disseizin in a writ of entry is essential, and the general issue is, did not disseize, &c., and yet the demandant is not required to prove disseizin, but if he prove his seizin as alleged, the tenant must then justify the entry under which he holds the land, &c.—Jackson on Real Actions, 25, 27, 46-7, 154-56-57-61.

In writs of entry plaintiff is not required to prove an actual ouster.—Higbee et al. v. Rice, 5 Mass. 344; Stephens v. Winship, 1 Pick. 318.

The averment of disseizin in this case is equivalent to an averment of seizin in the ancestor, and in this sense it is a material allegation, and was proved. The ancestor could not be disseized unless he were seized.—Ward v. Bartholomew, 6 Pick. 413.

But if there was a defect in this respect in the writ and count, it was cured by the plea. The defendant did not traverse the seizin, but only joined the mise in the mere right. This was an admission of the demandants' seizin and their title to the land, and cast the onus on the defendant of showing a better title.— Jackson on Real Actions, 46-7, 259, 291.

JOHN A. CAMPBELL, contra:

1. The question is whether this is an action on the mere right, or for a disseizin? Is it a writ of right, or a writ of entry sur disseizin? The form of the declaration in these two kinds of action may be found in Fitz. Nat. Brev. 442; Boothe on Real

Lyon's Heirs v. Mottuse..

Actions, 175 and 177; Stearns on Real Actions, 129. All' these authorities show that the form of the count in this case is; that of a writ of entry, and not a, writ of right.

The count would be fatally defective as a writ of right.. It contains no averment of a fee simple estate, either in the plaintiffs or their ancestor.. There is no averment of a seizin of that kind of an estate which justifies a writ of right. Seizin in the ancestor cannot be inferred from the averment of disseizin.—7 Wheat. 28; 3 Bibb 54; 11 Shep. 14.

2. The plea cannot determine the character of the action.. "Joining the mise," is nothing more than joining the issue.— Roscoe on Real Actions 215, (26 Law Lib.)

DARGAN, C. J.—The material inquiry, growing out of the pleadings and the instructions of the court, is to ascertain the character of the action, that is, whether it is a writ of right, or a writ of entry *sur disseizin*. In the count it is alleged that the premises are demanded by writ of right, but after describing the land, the plaintiffs set forth their title thus : " which they, the said plaintiffs, claim to be their right and estate as heirs of James R. Lyon, deceased, whereof the said Cataline Mottuse, unjustly and without judgment, disseized their aforesaid ancestor within the last thirty years." The count then states the pedigree of the plaintiffs, showing them to be the heirs at law of James R. Lyon, and concludes with an offer to prove their right.. To this count the defendants filed the following plea : " The defendants join in the mise in short by consent." Upon the evidence the court instructed the jury that the plaintiffs had the superior title, but to enable them to recover, they must prove the disseizin of their ancestor within the last thirty years.

If this count can be considered as one in a writ of right, it is clear that the court erred, for the defendant's informal plea, merely joining in the mise, put in issue the mere right or title only, and the disseizin was wholly without the issue, and unnecessary to be proved.—Inglis v. The Sailor's Snug Harbour, 3 Peters, 133; Greene v. Watkins, 7 Wheaton 27; Jackson on Real Actions, 289. Indeed, it is unnecessary to allege a disseizin in a writ of right, and in none of the precedents is it to be found.— Boothe on Real Actions, 92; Stearns on Real Actions, 443-4, Appen.; Jackson on Real Actions, 277.

Lyon's Heirs v. Mottuse.

But the writ of right can only be brought by one who has the fee simple title to the lands.—3 Black. Com. 191; Stearns on Real Actions, 357; Jackson on Real Actions, 278. And there-fore it was that one who had a less estate than a fee simple, and who was barred of all possessory actions, was without remedy. To remedy this defect, the writ of formedon was given to tenants in tail by the statute of Westm. 2, (13 Edw. 1,) and the same statute gave to owners of particular estates, such as tenants for life, in dower, and in curtesy, a writ,-called a *quod ei deforciat*, by which they could regain possession of their lands, which had been recovered of them in any of the possessory actions in con-sequence of their neglect or default.—3 Blackstone, 193. But the pure writ of right at the common law would lie only to re-cover a fee simple estate, and in favor of him who had the fee simple title. Therefore it is necessary that the count should show that the demandant had a fee simple title. This is done by alleging his seizin, or the seizin in fee of his ancestor, through whom he claims, in his demesne as of fee of right, and in none of the precedents is this allegation omitted.—Stearns, 444; Boothe 9; 3 Chitty 1359. Testing the count by this rule, it is defective as a writ of right, for there is no allegation to show that James R. Lyon, through whom the plaintiffs claim, was seized in fee simple. Indeed his seizin is not averred at all but by the allegation of his disseizin, and if we admit that this is sufficient to show seizin, on the ground that he could not be dis-seized unless he had been seized, still the allegation falls far short of showing that he was seized in fee simple, for he might have been seized of a less estate than a fee simple. The count is de-fective as a count in a writ of right.

But it is sufficient considered as a count in a writ of entry, especially after verdict, for the gist of the action is the wrong-ful disseizin, without regard to the mere right of property. It decides nothing as to the ultimate fee simple title, but only re-stores the demandant to the same situation in reference to the land in which he was before he was dispossessed. But this re-storation is without prejudice to the ultimate right of ownership, for if the disseizor has the ultimate fee simple title, he may, af-ter verdict and judgment against him *in a writ of entry*, assert his title by a writ of right, and thereby regain the possession.—3 Black. Com. 180.

Lyon's Heirs v. Mottuse.

As the writ of entry is founded on the disseizin of the demandant, or those through whom he claims, it is only necessary to allege his seizin, or the seizin of the ancestor through whom he derives title, and the disseizin by the tenant, or by him through whom he derived possession; hence it is that seizin in fee simple need not be alleged in this action, for it may be maintained by one who has a less estate than a fee simple, as by tenant for life, in dower, by the curtesy, and by tenants in tail.—Stearns on Real Actions, 139; Jackson on Real Actions, 27. We therefore think that the allegation of disseizin is sufficient after verdict in a writ of entry, which is founded on the disseizin, and not upon the mere right of the demandant, and that the count is good considered as a count in a writ of entry, but that it is insufficient as one in a writ of right. Consequently it should be considered as a count in a writ of entry, and not as one in a writ of right. Indeed, it has been decided that if the count contain the allegation of disseizin, it must be considered as a count in a writ of entry, and not one in a writ of right, although without the averment of disseizin it would have been good as a count in a writ of right.—Plumer v. Walker, 24 Maine, 14. But without determining on the correctness of this decision, I am satisfied that if the count contains the allegation of disseizin, and is insufficient as a count in a writ of right for the want of an averment of seizin in fee, it cannot be considered in any other light than a count in a writ of entry, the gravamen of which is the tortious disseizin, and must be proved under the general issue. Attaining this conclusion, I am satisfied that the court did not err, in charging the jury that it was incumbent on the plaintiffs to prove the disseizin of their ancestor as alleged.

But it is urged that the character of the plea must determine the character of the count, and as the plea is applicable only to a count in a writ of right, it must be so considered. To this argument I cannot assent. We must look to the declaration itself to determine the character of the suit, not to the plea. For instance, the plea of non-assumpsit to a declaration in trespass would not change the character of the suit, and convert it into an action of assumpsit.

Upon the whole, I see no error in the ruling of the court of which the plaintiffs can complain, and the judgment must therefore be affirmed.