## JUNKER v. FOBES et al.[1]

(Circuit Court, S. D. Alabama. February 11, 1891.)

1. PLEADING—CHARACTER OF SUIT.
    The character of a suit is determined by the contents of the declaration or complaint, and not by the form of action adopted by the pleader.
2. SAME—EX CONTRACTU OR EX DELICTO.
    If the cause of action as stated in the declaration or complaint arises from a breach of promise, the action is ex contractu; if from a breach of duty growing out of the contract, it is ex delicto and case.
3. SAME.
    A declaration or complaint by a government contractor against his subcontractor for dredging, alleging damages to plaintiff's channel revetment, caused by defendant's not dumping the excavated material against this revetment, as agreed, is a suit for breach of contract, and not on the case.

At Law. Demurrer to declaration.

Hannis Taylor, for plaintiff.

Faith & Ervin, for defendants.

TOULMIN, J. The substance of the complaint in this case is that the plaintiff, having a contract with the United States government to do certain dredging and to build a revetment for the improvement of a certain river and pass in the state of Louisiana, entered into an agreement with the defendants that they should dredge the "cut" at the junction of the said river and pass as the government might designate or direct, and that the defendants would commence as soon as possible after date of the agreement, and were to be paid per cubic yard of the material taken out and dumped as the engineer in charge might direct, the plaintiff agreeing to build the revetment and to keep ahead of the dredge, so as not unnecessarily to detain the dredge-boats. And the complaint avers that the plaintiff built the revetment provided for in his contract, and expended a large sum of money in the construction of it, relying on the defendants to dredge said "cut," and to dump or deposit against the revetment the material taken from said "cut," as the engineer should direct; it being provided in the contract between the plaintiff and the United States (as defendants well knew) that the material excavated from said cut should be thrown or dumped outside of and against said revetment, to protect it against storms or injury and destruction by reason of the water beating against it, all of which the defendants failed to do, and the plaintiff claims a large sum of money as damages suffered by him because of defendants' conduct in failing to perform their said contract to dredge said "cut," and dump or deposit the material taken therefrom against said revetment. The complaint avers that, although defendants undertook to provide good and sufficient appliances and skill for the execution of the contract, and to commence work with all possible dispatch, yet they delayed for some time to commence work, and then failed to perform their said contract. And the complaint further avers

---

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

that the defendants' failure to perform their said contract was wrongful, careless, and unskillful, and that among other reasons why their failure to perform their contract was wrongful, careless, and unskillful was that they undertook to work with a worthless dredge, and that it broke down and became so disabled as to suspend work altogether; and because of defendants' failure to carry out their said contract the revetment was so damaged and destroyed by storms and other action of the water thereon as to become worthless, whereby the plaintiff lost the whole of the sum of money expended on the revetment, and also became liable to the United States government for his failure to comply with his contract with it, for which plaintiff claims damages of defendants.

The attorneys in this case argued the demurrers that are interposed to the declaration on the theory that the suit was in form an action on the case. Assuming that the suit is an action on the case, then, in the opinion of the court, the causes of demurrer numbered 2 and 3 are well taken, and should be sustained. But, if the suit is not an action on the case, then the demurrers assigned are not good, and should be overruled. The character of a suit is determined by the declaration, and it is not the form of action adopted by the pleader which determines the character of a declaration, but the facts alleged in it, and the conclusion drawn by the law from the facts alleged. *Lyon* v. *Mottuse*, 19 Ala. 463; *Sheppard* v. *Furniss*, *Id.* 760. If the cause of action as stated in the declaration arises from a breach of promise, the action is *ex contractu;* but, if the cause of action arises from a breach of duty growing out of the contract, it is *ex delicto* and case. *Wilkinson* v. *Moseley*, 18 Ala. 288; *Insurance Co.* v. *Randall*, 74 Ala. 170; Pom. Rem. §§ 567–573. As is said by the court in *Insurance Co.* v. *Randall, supra:*

"Take for illustration the contract of a carpenter to repair a house partly decayed or defective. The implications of his contract are that he will bring to the service reasonable skill, good faith, and diligence. If he fail to do the work, or leave it incomplete, the remedy, and the only remedy, against him is *ex contractu.* Suppose in the attempted performance he, by his want of skill or care, destroys, damages, and needlessly wastes the materials furnished by the hirer; or suppose that in making the needed repairs he did it so unskillfully or carelessly as to damage other portions of the house,—this is tort, for which the contract furnished the occasion. The contract is mere inducement, and the action is on the case."

But what is the *gravamen* of this suit? It is the breach of the contract,—the failure of the defendants to perform their contract; their failure to do the work, or leaving it incomplete. There is no allegation that defendants in the attempted performance of the contract by their want of care or skill destroyed or damaged the revetment; that in dredging and dumping the material taken out they so carelessly or unskillfully dredged the "cut" or dumped or deposited the material as to damage or destroy the revetment. If the complaint was that the defendants in performing, or attempting to perform, the service contracted for committed the wrong complained of, then, the wrongful act, outside of the letter of the contract, is the *gravamen* of the complaint, and the remedy is an action on the case; or, if the injury resulted from careless-

ness or want of skill in the performance or attempted performance of the contract, an action on the case would lie. But the complaint is that the defendants made a contract to do certain work which they altogether failed to do; that they entered upon the work but failed to complete it, and by reason of such failure the plaintiff was damaged; and complaint avers special damages, and sets forth somewhat in detail how they arose. It is true that the declaration avers that the contract is set out as mere inducement, and avers that the defendants carelessly and unskillfully failed to perform their contract, which it seems to me are immaterial averments. Such failure might have been from carelessness, or it might have been from willfulness. I think it is immaterial which it was if the contract was broken, and the plaintiff suffered damage thereby. As the court construes the declaration, the remedy thereby sought against the defendants is *ex contractu,*—an action for the breach of the contract.

The demurrers as assigned are overruled, except as to the last ground of demurrer, numbered 5, which is sustained.