FILLER v. JOSEPH SCHLITZ BREWING CO.

(Circuit Court of Appeals, Eighth Circuit. March 13, 1915. Rehearing Denied May 17, 1915.)

No. 4145.

1. TORTS ⊝26—ACTION FOR INTERFERING WITH PERFORMANCE OF CONTRACT—PETITION.

A petition which contained allegations that defendant induced and caused a third person to refuse to perform contracts made with plaintiff *held* to state a cause of action, and not subject to a general demurrer.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 33; Dec. Dig. ⊝26.]

2. PLEADING ⊝205—SUFFICIENCY OF PETITION—GENERAL DEMURRER.

Although a petition is based on a statute, and is insufficient to state a cause of action thereunder, it will not be held bad on a general demurrer, if it states facts constituting a cause of action at common law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491-493, 495, 496, 498-510; Dec. Dig. ⊝205.]

In Error to the District Court of the United States for the Eastern District of Missouri.

Action at law by Joseph Filler against the Joseph Schlitz Brewing Company. Judgment for defendant, and plaintiff brings error. Reversed.

David Goldsmith, of St. Louis, Mo. (M. N. Sale and Joseph Block, both of St. Louis, Mo., on the brief), for plaintiff in error.

John B. Edwards, of St. Louis, Mo., and Russell Jackson, of Milwaukee, Wis. (A. L. Abbott, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge. The amended petition in this case charged that the defendant the Joseph Schlitz Brewing Company entered into a pool, confederation, and understanding with a corporation known as. the Missouri Poultry & Game Company and other persons unknown to plaintiff to fix the price of bottled beer, manufactured by defendant, in the city of St. Louis and to control and limit the trade in St. Louis and elsewhere of such beer, in violation of the provisions of sections 10298, 10299, 10300 and 10301 of the Revised Statutes of Missouri of 1909, known as the Anti-Trust Law.

Plaintiff set forth in his petition, in some detail, acts done by defendant and its confederates, all of which, it alleged, were done with the intention and for the purpose of lessening lawful trade and full and free competition in the sale of bottled beer in the state of Missouri, and alleged that he was thereby greatly injured in his business and

property, to his actual damage in the sum of $40,000. He then prayed for a judgment against the defendant in the sum of $120,000, three times the amount of his actual damages, as authorized by section 10305 of the Revised Statutes.

To this amended petition a general demurrer was filed, and for ground of demurrer defendant alleged that it failed to state facts sufficient to constitute a cause of action. This demurrer was sustained by the District Court, and, plaintiff declining to plead further, judgment was rendered in favor of the defendant. Due exceptions having been taken, plaintiff prosecutes this writ of error to secure a reversal of that judgment.

It is argued by defendant's counsel that the allegations of the petition were insufficient to constitute a cause of action under the Anti-Trust Law of Missouri because (a) they are statements of conclusions of law and not of fact; (b) because, if sufficient to show an unlawful pooling agreement between defendant and others, plaintiff, Filler, was by the express provisions of the pooling agreement exempt from its effect; (c) because the allegations, tested by the rule of reason, do not make a showing of any direct and necessary restriction upon competition. On the other hand, counsel for plaintiff argue that the petition did set forth a good cause of action under the Anti-Trust Law of Missouri. Neither party in argument or brief claimed that any other propositions of law were involved in the case. In other words, the entire contention was whether the amended petition stated facts sufficient to constitute a cause of action for triple damages, as provided by section 10305 of the Revised Statutes.

At the close of the oral argument the court asked counsel whether there were not other averments in the petition which might constitute a cause of action at common law, independent of the statute of Missouri, and whether the general demurrer to the petition should not have been overruled, even if the court held that the petition failed to state a cause of action under the statute. On this question, counsel took leave to file and have filed additional briefs and to this question our attention will first be given.

[1] A critical examination of the petition discloses that, in addition to the allegations charging the making of the pooling agreement and the injury to plaintiff's business and property directly resulting therefrom, the following allegations appear:

"That the defendant on the 29th day of May, 1910, and constantly and continuously since that date and up to the date of the institution of this suit, induced and caused said Missouri Company to refuse, and that in consequence solely thereof said Missouri Company did refuse to carry out, perform, execute, or comply with" two certain contracts alleged to have been made between said Missouri Company and the plaintiff on May 24, 1910, and May 29, 1910, respectively, whereby, in the first-mentioned contract said Missouri Company, with the knowledge of defendant, agreed to sell and deliver to plaintiff, and plaintiff agreed to purchase from said Missouri Company, on terms therein mentioned, 30,000 cases of bottled beer manufactured by the defendant. "That the defendant caused and induced said Missouri Company not to carry out, perform, execute, or comply with said contract, and not to ship or deliver any of said bottled beer thereunder to the plaintiff, and so caused and induced said Missouri Company to do, for the reasons hereinbefore set forth, and by reason thereof the said Missouri Company did refuse to perform, ex-

ecute, or comply with said contract, and to sell and deliver to the plaintiff any of the bottled beer thereby contracted for;" and whereby, in the second mentioned contract the Missouri Company with the knowledge of defendant "agreed to sell and deliver to plaintiff, and plaintiff agreed to purchase from said Missouri Company, on terms therein mentioned, 100,000 cases of bottled beer manufactured by the defendant and that the defendant caused and induced said Missouri Company not to carry out, perform, execute, or comply with said contract, and not to ship or deliver any of said bottled beer thereunder to the plaintiff, and so caused and induced said Missouri Company to do, for the reason hereinbefore set forth, and that by reason thereof the said Missouri Company did refuse to carry out, perform, execute or comply with said contract and to sell and deliver to the plaintiff any of the bottled beer thereby contracted for. * * * And plaintiff says that because of his refusal to enter into said alleged agreement, arrangement, combination or understanding" (referring to the pooling agreement alleged to have been made in violation of the anti-trust law of Missouri) "the said Missouri Company acting under instructions from the defendant, and in accordance with the agreement, arrangement or understanding had between the defendant company and said Missouri Company as aforesaid, refused to sell and deliver to the plaintiff the bottled beer which said Missouri Company had contracted to deliver."

We think, without now holding them to be technically sufficient, that these last-mentioned allegations state the substance of an action in the nature of the common-law action of trespass on the case for an unlawful interference by defendant with plaintiff's contractual rights, unassailable by a general demurrer, and notwithstanding the fact that the plaintiff has proceeded both in the court below and in this court upon the sole theory that the petition states a cause of action only for a violation of the anti-trust statute of Missouri, we cannot close our eyes, in passing on a general demurrer to the petition, alleging that it does not state facts sufficient to constitute a cause of action, to any of the substantial allegations of the petition.

[2] In Comings v. Hannibal & Central Missouri R. R. Co., 48 Mo. 512, 516, the Supreme Court said:

"While the petition is not good as a pleading framed on the statute, it nevertheless, in our opinion, sets forth a good cause of action at common law; and where such is the case the cause should be proceeded with."

In Kneale v. Price, 21 Mo. App. 295, 297, the St. Louis Court of Appeals, citing and following Comings v. Hannibal & Central Missouri R. R. Co., supra, said:

"While the petition is not good as a pleading framed on the statute, it nevertheless, in our opinion, sets forth a good cause of action at common law; and where such is the case the cause should be proceeded with. * * * If we treat the petition as embracing merely a common-law cause of action, it was not demurrable because it asked for double damages. The character of the petition is not always determined by the relief it prays for. The court may grant any relief consistent with the case and embraced within the issues."

See, to the same effect, Atlantic & Pacific R. R. Co. v. Freeman, 61 Mo. 80.

The judgment of the District Court is reversed, and the cause remanded to that court, with instructions to grant a new trial.