### HAMILTON v. EMPIRE GAS & FUEL CO. et al.

### SHRIVER et al. v. SAME.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1924. Rehearing Denied May 19, 1924.)

Nos. 6152, 6153.

1. Removal of causes ⊂⇒50—Separable causes of action stated in complaint.

The complaint in an action by the lessor in an oil lease against the lessee corporation and its managing agents, alleging that defendants failed and refused to drill offset wells to prevent the drainage of oil from the land by adjacent wells also owned by lessee, as impliedly required by the lease, and also willfully mismanaged the pumping of wells on the land, with the effect of greatly reducing the production, and that such action was in pursuance of a conspiracy between all the defendants, *held* to state a separable cause of action against the lessee for breach of contract, to which the allegation of conspiracy was immaterial, and which entitled such defendant, being a nonresident of the state, to remove the cause.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Removal of causes ⬦⇒49(3)—Joint action in tort not removable by one non-resident defendant.**

Where a complaint states a joint cause of action in tort against defendant corporation and its employés, such joinder being permissible under the law of Kansas, such cause of action is not removable by the corporation, some of the defendants being citizens of the same state as plaintiff.

**3. Action ⬦⇒50(4)—Under Kansas Code actions on contract and in tort may be joined only when parties are the same in both.**

Under Gen. St. Kan. 1915, § 6979, providing that "plaintiff may unite several causes of action in the same petition, * * * but the causes of action so united must affect all the parties to the action," a cause of action against one defendant for breach of contract may not be joined with another cause of action in tort against the same defendant and others who are not parties to the contract.

**4. Removal of causes ⬦⇒36—Right not affected by joinder of unnecessary parties.**

A joinder of unnecessary parties cannot defeat the right of removal.

**5. Removal of causes ⬦⇒58—Removal of separable controversy carries the whole case into federal court.**

The removal of a separable controversy carries the whole case into the federal court, though another cause of action improperly joined with it may, on motion, be remanded or dismissed without prejudice.

**6. Trial ⬦⇒193(1)—Comments on the evidence by the judge allowable under proper instructions.**

It is the rule of the federal courts that remarks by the trial judge giving his views upon the evidence are allowable provided he clearly instructs the jury that they are not to be bound by such views, but are to determine the credibility of the witnesses, the weight of the testimony, and the facts in the case for themselves.

**7. Mines and minerals ⬦⇒78(1)—Lessor in oil lease cannot complain of inactivity of lessee pending suit by lessor for cancellation of lease.**

Where a lessor of oil land has brought suit against the lessee for cancellation of the lease he is not in position to complain of the inactivity of the lessee during pendency of the suit.

**8. Appeal and error ⬦⇒971(2)—Evidence ⬦⇒546—Trial court has discretion in passing on qualifications of expert witness.**

The trial court has a reasonable discretion in passing on the qualifications of an expert witness which will be respected by the appellate court in the absence of clearly erroneous rulings.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by J. E. Hamilton and by E. A. Shriver and others against the Empire Gas & Fuel Company and others. Judgments for defendants, and plaintiffs bring error. Affirmed.

Chester I. Long, of Wichita, Kan. (John Madden and John Madden, Jr., both of Wichita, Kan., C. E. Cooper, of Tulsa, Okl., and J. D. Houston, Austin M. Cowan, Claude I. Depew, Forest D. Siefkin, James G. Norton, and W. E. Stanley, all of Wichita, Kan., on the brief), for plaintiffs in error.

H. O. Caster, of Bartlesville, Okl., and Robert Stone, of Topeka, Kan. (S. N. Hawkes, of Bartlesville, Okl., R. A. Brown, of St. Joseph, Mo., George T. McDermott, Robert L. Webb, and Beryl R. Johnson, all of Topeka, Kan., and Altes H. Campbell, of Los Angeles, Cal., on the brief), for defendants in error:

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN, Circuit Judge, and BOOTH and FARIS, District Judges.

BOOTH, District Judge. These two actions were commenced in the state court of Kansas, and removed to the federal court by the defendant Empire Gas & Fuel Company on the alleged grounds: (1) That the complaints stated a separable controversy between the defendant company and the respective plaintiffs; (2) that the individual defendants were fraudulently joined for the purpose of defeating removal. Issue was joined in the federal court on the question of removal. A hearing was had and testimony taken. Motions were made at the same time to remand the cases to the respective state courts whence they had been removed. The federal court denied the motions to remand, resting its decision upon the first ground, and not passing upon the ground of fraudulent joinder. The cases were thereafter consolidated for trial, and tried, resulting in verdicts and judgments for the defendants. By separate writs of error the respective plaintiffs seek reversal of said judgments. The two cases have been heard here together, the assignment of errors being substantially the same in each case.

Considering the assignments of error in groups, it appears that plaintiffs in error rely upon four grounds for reversal: (1) Refusal of the trial court to remand the cases to the state court; (2) giving of certain instructions to the jury to which exceptions were taken; (3) refusal to give certain requested instructions to the jury; (4) sustaining objections to the introduction of the testimony of one witness.

The complaints in the two actions are in substance identical. Each contains allegations that an oil lease in the usual form existed between plaintiff as lessor and the defendant company as lessee; a copy of the lease is made part of the complaint; that the defendant company owned similar leases on all of the lands immediately adjoining plaintiff's land; that the individual defendants were managing agents of the defendant company, and had control and management of the operation of said leases; that the defendants drilled wells on the lands adjoining plaintiff's land, and thereby drained oil from the plaintiff's land; that defendants failed and refused to develop plaintiff's land by drilling such offset or protection wells on plaintiff's land as would prevent the drainage of oil therefrom; that the defendants willfully and negligently so handled the pumping of such wells as were drilled on plaintiff's land that a greatly reduced quantity of oil was produced therefrom; that a conspiracy existed between all of the defendants for the doing of the aforesaid acts, and that said acts were done pursuant thereto; that ill will existed on the part of the defendants toward plaintiff, growing out of some disassociated matter; that plaintiff was damaged by the acts mentioned in the amount of royalties which would have accrued to the plaintiff but for the commission of such acts.

[1] 1. On the question of remand, the contention of the plaintiffs is that their cause of action is in tort; that all of the defendants were tort-feasors, and that plaintiffs had the election to sue them jointly, and have done so; and, further, that by reason of the conspiracy alleged the cause of action is against all of the defendants. The contention of de-

fendants is that the only cause of action stated against the defendant company is for breach of a contract of lease, and that to this cause of action the individual defendants are neither necessary nor proper parties; that, if any cause of action is stated against the individual defendants, it is one in tort. In our opinion, neither contention is wholly right. An analysis of the complaint leads us to the conclusion that at least two causes of action are stated, though they are so blended in the complaint as to appear but one.

The existence of the lease, and of the implied covenant accompanying the same to drill protection wells on plaintiff's land when and where necessary (admitted by both parties), and failure of the defendant company to drill such wells, make up one cause of action against the defendant company. This cause of action is for breach of contract. The allegation of ill will does not change its character; the allegation of conspiracy with the individual defendants does not change its character. It is to be noted that the conspiracy alleged is not one between third parties to induce the defendant company to breach its contract with the plaintiffs, but a conspiracy between the defendant company, a party to the contract, and the individual defendants, who are not parties to the contract, to do certain acts which would be a breach of the contract on the part of the defendant company but not on the part of the individual defendants. The allegation of conspiracy, with such a state of facts, adds nothing to the cause of action. For a somewhat analogous situation, see Sidway v. Missouri Land & Live Stock Company (C. C.) 116 Fed. 381, 385. The individual defendants were simply agents and servants through whom the defendant company committed the alleged breach of contract. The cause of action is based upon nonfeasance; and, whether this nonfeasance was brought about by the command of the defendant company to unwilling servants or by agreement with willing and malicious servants, the cause of action against the company is not changed from contract to tort. The individual defendants are neither necessary nor proper parties to this cause of action against the defendant company, because they are not parties to the contract. It may be conceded that, if the individual defendants, through conspiracy or otherwise, procured the defendant company to breach its contract, the individual defendants would be liable, yet the cause of action would be in tort, and not in contract. The allegations of the complaint, however, are not sufficient to state such a cause of action against the individual defendants.

Plaintiffs contend that, though this cause of action might have been sued upon as a breach of contract, yet that it could also be sued upon as a tort, and that they have elected the latter course. It is true that some causes of action arising in connection with breach of contract are of such character that they may be sued upon either in tort or in contract at the election of the plaintiff, but it is not true that all causes of action thus arising have that character. It is not easy to state the tests, with exactness nor always to apply them with absolute certainty.

Underhill, in his Law of Torts (10th Ed.) p. 33, makes the following statement:

"If the cause of complaint is for breach of a contractual duty (that is to say, is for an act or omission which would not give rise to any cause of action without proof of a contract) the action is one of contract. But if the relation of the plaintiff and the defendant be such that a duty arises from the relationship, irrespective of contract, for a breach of that duty, the remedy is an action of tort."

Similar test approved in Atlantic & Pac. R. R. v. Laird, 164 U. S. 393, 399, 17 Sup. Ct. 120, 41 L. Ed. 485.

Pollock, in Law of Torts (12th Ed.), on page 547, says:

"Now that forms of pleading are generally abolished or greatly simplified, it seems better to say that wherever there is a contract to do something the obligation of the contract is the only obligation between the parties with regard to the performance, whether there was a duty antecedent to the contract or not. But injury which would have been a tort as breach of a duty existing at common law, if there had not been any contract, is still a tort."

In Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632, 57 Am. Rep. 55, the court said:

"Where the action is not maintainable without pleading and proving the contract—where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance—it is, in substance, whatever may be the form of the pleading, an action on the contract. * * * The foundation of the action is the contract, and the gravamen of it its breach."

In Tuttle v. Gilbert Company, 145 Mass. 169, 13 N. E. 465, the court said:

"The cases are numerous and confusing as to the dividing line between actions of contract and of tort, and there are many cases where a man may have his election to bring either action. Where the cause of action arises merely from a breach of promise, the action is in contract. The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise. Otherwise, the failure to meet a note, or any other promise to pay money, would sustain an action in tort for negligence. * * * As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract.

Applying the foregoing tests to the cause of action now under consideration, we are clearly of the opinion that it does not belong to the class in which an election of remedies may be had. The gist of the cause of action is a breach of an implied covenant of the lease. The duty relied upon is a contractual duty, and not one arising at common law. Proof of the contract of lease is essential to proof of the cause of action. We think that this cause of action sounds in contract only. Even in cases where there may be doubt, the courts are inclined to hold the cause of action to be in contract. It follows that the company is the only necessary or proper party defendant so far as this cause of action is concerned.

There are authorities holding that such a cause of action may be construed as one in tort. Plaintiffs have cited several. Steel v. American Oil Co., 80 W. Va. 206, 92 S. E. 410, L. R. A. 1917E, 975; Motley Green & Co. v. Detroit Steel & Spring Co. (C. C.) 161 Fed. 389. The following cases are also cited by plaintiffs: Angle v. C., St. P. M. & O. Ry., 151 U. S. 1, 14 Sup. Ct. 240, 38 L. Ed. 55; United Cigarette Mach. Co. v. Winston Co., 194 Fed. 947, 114 C. C. A. 583; Pirie v. Tvedt, 115

U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Filler v. Joseph Schlitz Brewing Co., 223 Fed. 313, 138 C. C. A. 555; Westinghouse Co. v. Diamond Co. (D. C.) 268 Fed. 121—but in none of these latter cases was the question involved whether the defendant could be sued in tort for a breach of contract. In other cases cited by plaintiffs, there was a misfeasance, apart from the failure to perform the contract.

The conclusions which we have reached that this cause of action sounds in contract and not in tort, and that the allegations as to conspiracy and ill will add nothing to the cause of action, are, we believe, founded on better reason and supported by the greater weight of authority. 1 C. J. p. 1016; Ketcham v. Miller, 104 Ohio St. 372, 136 N. E. 145; Gumaerd Co. v. Erie R. Co., 92 N. J. Law, 216, 104 Atl. 134; McDermott v. Morris Canal Co., 38 N. J. Law, 53; Russell v. Polk County Abs. Co., 87 Iowa, 233, 54 N. W. 212, 43 Am. St. Rep. 381; Railway v. Hutchings, 78 Kan. 758, 99 Pac. 230; Delaney v. Great Bend Co., 79 Kan. 126, 98 Pac. 781; Ice Co. v. Wylie, 65 Kan. 104, 68 Pac. 1086; Washbon v. Linscott Bank, 87 Kan. 698, 125 Pac. 17, 20; Sleeper v. Baker, 22 N. D. 386, 134 N. W. 716, 39 L. R. A. (N. S.) 864, Ann. Cas. 1914B, 1189; Junker v. Forbes (C. C.) 45 Fed. 840; Royce v. Oakes, 20 R. I. 418, 39 Atl. 758, 39 L. R. A. 845; L. & N. R. R. Co. v. Spinks, 104 Ga. 692, 30 S. E. 968; Mobile Ins. Co. v. Randall, 74 Ala. 170; Dustin v. Curtis, 74 N. H. 266, 67 Atl. 220, 11 L. R. A. (N. S.) 504, 13 Ann. Cas. 169; Barrett v. N. E. Tel. Co. (N. H.) 117 Atl. 264, 23 A. L. R. 947.

Another cause of action stated in the complaint against the defendant company is found in the allegations that the company had charge of developing the property of the plaintiff for oil; that in so doing it willfully and negligently mismanaged the pumping of wells on plaintiff's land, so that the production of oil was greatly reduced, to the damage of the plaintiff. This is a statement of a cause of action consisting of misfeasance on the part of the defendant; a cause of action not dependent solely on the contract, but arising at common law. Its basis is a common-law duty to use due care in the performance of acts undertaken on behalf of another; and under the tests above stated an action in tort will lie; but, since there was a contract relation between the plaintiff and defendant company, this cause of action is one which, at the election of the plaintiff, might be sued upon either on contract or in tort.

[2] We are of opinion that this cause of action is well stated against the defendant company in tort in the present complaint. Further, if the individual defendants were guilty of negligence in the operation of the wells, as alleged, a cause of action would arise against them for their negligent management. This would be a cause of action in tort against the individual defendants. The cause of action against the defendant company and the cause of action against the resident individual defendants might be sued upon separately against each, or jointly against all, and this is so although there was no negligence on the part of the defendant company except the acts of its servants, the individual defendants. Furthermore, such joint cause of action, if standing alone, would not be removable. These propositions are well settled. C., R. I.

& P. Ry. v. Dowell, 229 U. S. 102, 112, 33 Sup. Ct. 684, 57 L. Ed. 1090; affirming 83 Kan. 562, 112 Pac. 136; Alabama Ry. v. Thompson, 200 U. S. 206, 219, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Ill. Cent. Ry. v. Sheegog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. 208; Southern Ry. v. Miller, 217 U S. 209, 30 Sup. Ct. 450, 54 L. Ed. 732; C., B. & Q. R. Co. v. Willard, 220 U. S. 413, 422, 31 Sup. Ct. 460, 55 L. Ed. 521; Ches. & O. R. R. v. Dixon, 179 U. S. 131, 140, 21 Sup. Ct. 67, 45 L. Ed. 121.

It is for the state court to decide whether a master and servant may be sued jointly for the negligent acts of the servant. C., R. I. & P. Ry. v. Dowell, supra; Alabama Ry. v. Thompson, supra; Ill. Central R. R. v. Sheegog, supra; Southern Ry. v. Miller, supra; Ches. & Ohio Ry. v. Dixon, supra. The Supreme Court of Kansas has held such joinder admissible. Dowell v. C., R. I. & P. Ry. Co., 83 Kan. 562, 112 Pac. 136, affirmed 229 U. S. 102, 33 Sup. Ct. 684, 57 L. Ed. 1090.

In the present complaint the allegations are sufficient to state a joint cause of action against the defendant company and the individual defendants for negligence and willful mismanagement in the operation of the wells on the plaintiff's land. Here the allegation of conspiracy finds a suitable place, not as constituting a separate substantive wrong, but as showing concerted action on the part of the defendant company and of the individual defendants in doing a wrong which each one of them separately might have done. The difference, however, between all of the defendants doing jointly the wrong, and all of the defendants forming a conspiracy to do the wrong, and doing it, is not here of vital importance.

[3] We have then, a complaint containing: (1) A cause of action against the defendant company on contract; (2) a joint cause of action against the defendant company and the individual defendants in tort. Doubtless the cause of action against the company on breach of contract, and the cause of action against the company in tort might have been united in the complaint, had not the individual defendants been joined, but with the joinder of the individual defendants the two causes of action could not be united in the same complaint in view of the provisions of section 6979 of General Statutes of Kansas 1915, which reads:

"Plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

See Hoye v. Raymond, 25 Kan. 665.

[4] Of these two causes of action which we have found the complaint to contain, the first was a separable controversy, and was removable by the defendant company from the state to the federal court; a joinder of unnecessary parties could not defeat the removal. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122; Venner v. So. Pac. Ry. (C. C. A.) 279 Fed. 832; Rogers v. Penobscot Min. Co., 154 Fed. 606, 610, 83 C. C. A. 380; Cella, Adler & Tilles v. Brown (C. C.) 136 Fed. 439; Boatmen's Bank v. Fritzlen, 135 Fed. 650, 68 C. C. A. 288.

[5] The removal of this separable controversy carried the whole case into the federal court. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Brooks v. Clark, 119 U. S. 502, 7 Sup. Ct. 301, 30 L. Ed. 482; Connell v. Smiley, 156 U. S. 335, 15 Sup. Ct. 353, 39 L. Ed. 443. If, in the federal court, after removal, the plaintiffs had pointed out that, though the first cause of action was held to be in contract and against the defendant company alone, and therefore a separable controversy, yet the other cause of action was joint, and could not properly be united with the first under the Kansas Code, and had requested that the second cause of action be remanded to the state court or dismissed without prejudice, the trial court might have granted appropriate relief. But no such request was made. The plaintiffs insisted throughout that there was but one cause of action and that it was a joint one against all of the defendants. The misjoinder of the causes of action did not deprive the federal court of jurisdiction. The court was right in refusing to remand the cases to the state court.

2, 3. Error is claimed:

(a) In giving certain instructions to the jury as to the duty of defendant company to drill protection wells and to develop plaintiffs' land (assignments of error 15, 16, 18, 20, 22, and 23 in both cases), and in refusing to give certain requested instructions in regard to the same matters (assignments 4, 5, 6, 7, 8, and 10 in both cases and 11 and 12 in the Shriver case). The portions of the charge as given and objected to, and the requested charges not given, have all been carefully examined. We are satisfied that when the charge relating to the matters specified is considered as a whole, and not in detached portions, it not only covered all the requested charges so far as they were correct and apposite, but was even more favorable to the plaintiffs than the law as stated by this court in Brewster v. Lanyon Zinc Company, 140 Fed. 801, 72 C. C. A. 213.

The duty of the defendant company toward plaintiffs under the contract of lease, and the test of determining whether that duty had been fulfilled, were both set out clearly and fully, and we think that the jury could have been under no misapprehension in regard to the instructions touching these matters.

[6] (b) In giving certain instructions as to expert testimony in relation to the amount of damages (assignments 14, 21, 24, 25, and 28 in both cases). The remarks of the court in reference to the expert witnesses who testified in behalf of plaintiffs, and in regard to expert testimony in general, were, we think, in some respects hardly justified by the facts and circumstances appearing in the record. Opinion testimony of qualified experts is not to be disregarded simply because it cannot be tested with accuracy by mathematical rules, or because it might be difficult to convict the witness of perjury. However, the learned trial judge, despite his remarks touching the testimony of experts, told the jury repeatedly that they were the sole judges of the credibility of all of the witnesses, of the weight to be given to their testimony, and of the facts in the case. It is the rule in the federal courts that remarks by the trial judge giving his views upon the evidence are allowable, provided he clearly instructs the jury that they are not to be

bound by such views, but are to determine the credibility of the witnesses, the weight of the testimony, and the facts in the case for themselves. Vicksburg Co. v. Putnam, 118 U. S. 545, 7 Sup. Ct. 1, 30 L. Ed. 257; St. Louis, etc., Ry. Co. v Vickers, 122 U. S. 360, 7 Sup. Ct. 1216, 30 L. Ed. 1161; U. S. v. Railroad Co., 123 U. S. 113, 8 Sup. Ct. 77, 31 L. Ed. 138; Rucker v. Wheeler, 127 U S. 85, 8 Sup. Ct. 1142, 32 L. Ed. 103; Lovejoy v. U. S., 128 U. S. 171, 9 Sup. Ct. 57, 32 L. Ed. 389; Doyle v. Railroad, 147 U. S. 413, 13 Sup. Ct. 333, 37 L. Ed. 223; Allis v. U. S., 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91; Capital Traction Co. v. Hof, 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873; Graham v. U. S., 231 U. S. 474, 480, 34 Sup. Ct. 148, 58 L. Ed. 319; Simmons v. U. S., 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968; Young v. Corrigan, 210 Fed. 442, 127 C. C. A. 174; Smith v. R. R. Co., 214 Fed. 737, 131 C. C. A. 43; Griggs v. Nadeau, 250 Fed. 781, 163 C. C. A. 113. We think the rule was not violated in the present case.

Error is also assigned in respect to the charge of the court touching a former suit commenced by Hamilton against the defendant company, and its bearing upon the present suit. A further error is assigned by reason of the refusal of the court to give a charge requested by plaintiff touching the same matter (assignments 11 and 26 in the Hamilton case).

[7] We think there was no error either in the charge given or in the refusal to charge as requested. The charge of the court in respect to this matter was in substantial accord with the remarks of this court touching a somewhat similar situation in the case of Goodwin v. Standard Oil Company (C. C. A.) 290 Fed. 92, 95, to the effect that, where a lessor of oil lands had brought suit against the lessee for cancellation of the lease, he was not in a position to complain of the inactivity of the lessee during the pendency of such suit.

[8] 4. Error is also assigned in refusing to allow the witness Bates to testify as to the effect of shutting in a flowing oil well on the Shriver land. Objection was made that the witness had not shown himself qualified to give an opinion on the matter. The objection was sustained.

The decision as to the qualification of an expert witness is peculiarly within the province of the trial court, and should not lightly be set aside. The trial court has a reasonable discretion in passing upon such qualification which will be respected by the Appellate Court in the absence of a clearly erroneous ruling. Chateaugay Co. v. Blake, 144 U. S. 476, 484, 12 Sup. Ct. 731, 36 L. Ed. 510; Inland Co. v. Tolson, 139 U. S. 551, 559, 11 Sup. Ct. 653, 35 L. Ed. 270; Chautauqua Institute v. Zimmerman, 233 Fed. 371, 147 C. C. A. 307; Gillespie v. Collier, 224 Fed. 298, 139 C. C. A. 534; Jordan v. Adams Co., 231 Mass. 186, 120 N. E. 654; 11 R. C. L. 574.

We see no reason for disturbing the ruling in the instant case.

The record contains the following stipulation:

"No question is raised as to the sufficiency of competent evidence on all points to support the verdict of the jury, provided the court had jurisdiction of the causes, and provided there was no error in the court's instructions or in the refusal of the court to instruct, as requested by plaintiffs, or in the refusal

of the court to admit certain testimony of the witness Bates tendered by the plaintiffs."

Inasmuch as we have found that the court had jurisdiction, and that the errors assigned in reference to the other matters mentioned in the stipulation were not well grounded, it follows that the judgments in the two cases should be affirmed; and it is so ordered.