## UNITED STATES v. GEORGE A. FULLER CO., Inc.

(District Court, D. Kansas, First Division. June 15, 1925.)

No. 2485.

1. **United States ☞75—Petition in tort by government to recover from cantonment contractor held to state no ground for relief; remedy being on contract.**

Petition by United States in tort to recover for negligence and fraud of cantonment contractor, causing excessive cost of construction under cost plus contract, *held* not to state cause of action; relations of parties being contractual, and any damages resulting from breach being recoverable only in action on contract.

2. **United States ☞75 — Government cannot recover voluntary overpayment of money to cantonment contractor.**

The United States has no cause of action for voluntary overpayments to cantonment contractor, made on authority of contracting officer in charge, in absence of fraud or gross mistake.

3. **Pleading ☞8(7)—Petition by United States against cantonment contractor for breach of contract held to state mere conclusions.**

Petition by United States against cantonment contractor, charging latter's breach of cost plus contract, resulting in excessive cost, by reason of contractor's failure to properly organize employés and use due care and skill in supervising work, *held* to state merely conclusions; no recognized standard of organization or supervision being alleged.

4. **United States ☞75—Damages for alleged breach of contract for construction of army training camp held not to be difference in actual cost and estimated proper cost.**

Damages can be recovered by United States for cantonment contractor's negligence in performing cost plus contract, resulting in excessive construction cost, only where breach of some express or implied provision of contract is pleaded and proved, and cannot be predicated merely on the fact that actual cost exceeded estimated reasonable cost.

At Law. Action by the United States against the George A. Fuller Company, Inc. On demurrer, motion to make definite and certain, and motion to strike third amended petition of plaintiff. Demurrer sustained.

See, also, 296 F. 178; 300 F. 206.

Weymouth Kirkland and Robert N. Golding, both of Chicago, Ill., John S. Dean, of Topeka, Kan., for defendant.

POLLOCK, District Judge. The facts are, in June, 1917, this country, having declared war on Germany, and being in great need of soldiers to fight in its war, and having no other method of getting them, save through the enlistment and conscription of our citizens and their sons, and by drilling of these raw recruits into soldiers, there was great need for the immediate use of cantonments in which to quarter and subsist these recruits while training. Among others, of like camps, one was to be constructed on the Ft. Riley military reservation, Riley county, this state.

On the 20th day of June, 1917, the government entered into a written contract with the defendant company for the purchase of materials, the employment of men, and the building of such a cantonment as an emergency war measure. This contract as executed between the government, through Maj. W. A. Dempsey, by direction and under authority of the honorable Secretary of War, and defendant, provides, among other things, for Maj. Dempsey, designated in the contract as contracting officer in charge of the work, to superintend the construction and exercise quite plenary powers over the work of construction. The contract is what is known as a cost plus contract for the construction of the cantonment for certain military forces, naming them, in accordance with the drawings and specifications furnished by the contracting officer, and subject in every detail to his supervision, direction, and instruction. The contracting officer had the power ad libitum at any time to change the plans of construction and specifications for the doing of the work, and to substitute other plans for those under which the work was undertaken.

The defendant, named in the writing as "contractor," was to be paid in the following manner:

"Article II. The contractor shall be reimbursed in the manner hereinafter described for such of its actual net expenditures in the performance of said work as may be approved or ratified by the contracting officer and as are included in the following items," etc.

In article I it was the contractor's duty to approve the orders and directions of the contracting officer. Under article VI it was the duty of the contractor to keep at all times its representative on the work to receive the or-

ders of the contracting officer. The contractor was dependent upon the contracting officer for its fee for doing the work and its reimbursement for moneys expended. Articles II and IV of the contract. ·

Long after this cantonment had been constructed and completed, and used by the government for its emergency purposes, and after payment to the contractor of his expenditures and fee made in pursuance of the contract, the government conceived the cost of constructing this cantonment was greater than it should have been compelled to pay, and instituted this action, on the theory the contractor, under the terms of the contract, was a trustee for the benefit of the government, and as such trustee had violated its trust by permitting the government to expend for the building of the cantonment some $4,-000,000 more money than it should have spent, and on this theory, at least in part, brought its action to recover the difference between the actual cost to the government and the reasonable cost of construction under the circumstances.

As this theory of the case, under the settled principles of the law, was wholly untenable, it had to be and by the government was abandoned. Since that time, up until the filing by the government of this its third amended petition, the action has proceeded on a single count or cause of action for damages by reason of the careless, extravagant, and negligent manner of the doing of the work by defendant. While in certain instances specific acts were set forth which were asserted by the government to be negligent, yet the government disclaimed all damages as a result of such specific acts, which were merely pleaded for the purpose of endeavoring to show a course of conduct to induce the court and jury to assume, from the existence of the specific acts of negligence, if shown, the entire manner of doing the work was negligent, and was the cause of the work costing the government more than it thought was a reasonable expenditure. Of necessity, no such method of pleading and proving a case of negligence could be sanctioned or prevail.

The government has now by its third amended petition pleaded its case in four counts or causes of action, instead of one, as originally. These counts are described or designated by the government as follows: Count (1) in tort for negligence; count (2) for breach of the written contract; count (3) a tort for fraud and deceit; and count (4) as quasi contract, but really for money had and received, or for an overpayment by the government to the contractor. To this petition defendant has interposed a motion to strike, a motion to make definite and certain, and a demurrer. .

[1] Coming now, first, to a consideration of the demurrer, it will be seen, as there was a written contract entered into between the parties, covering the duties, liabilities, and obligations of the one party to the other, if the work was done, materials furnished, etc., by defendant in accordance with the terms of the written contract, the defendant has fully complied with all the terms of its obligation, and with all the duties it owed to the government, and there has been no breach on its part of this contract, and there can be no recovery thereon. If, however, the terms of the contract were not kept and performed by defendant, but, on the contrary, the defendant breached its obligation created by this contract to the government, to its injury, recovery for such damages may be awarded the government. However, in such case the government must allege and prove by the greater weight of all the credible evidence in the case in what respects the contract was breached by defendant, and the amount of the damages the government sustained by reason of such breach of the contract; and this must be in some orderly manner set forth, with such precision as will apprise defendant what charge it has to meet, and on the trial the breach or breaches of the contract pleaded must be established by competent evidence, and not left to conjecture, suspicion, or opinion of witnesses unacquainted with the true facts of the case; and this for the all-sufficient reason, the only duty, the only obligation of defendant to plaintiff is measured by the terms of the written obligation as framed between the parties. ·

This being true, if defendant kept and performed its contract with plaintiff, it then could be guilty of no negligence, no fraud, and no breach of either its contract liability or of good faith to the plaintiff. In other words, regardless of the attempt of plaintiff in this third amended petition to plead and stand upon four separate counts or causes of action, two on contract, and two in tort, I am of the opinion the plaintiff has no cause of action sounding in tort in any event in this case; but, on the contrary, plaintiff's cause of action, if any it has, is one for breach of the written contract made between the parties, for in this case it is incumbent on the government to set forth this contract, before it can show any relation, liability, or duty on the part of defendant to it in the premises. It must plead the written contract made between them, and, when so pleaded,

the contract, and the contract alone, constitutes, defines, and limits all their mutual rights, duties, obligations, and liabilities to each other. This is made absolutely clear by a consideration of the many text-writers and decisions in like cases.

Mr. Underhill, in his Law of Torts (10th Ed.) p. 33, says:

"If the cause of complaint is for breach of a contractual duty (that is to say, is for an act or omission which would not give rise to any cause of action without proof of a contract), the action is one of contract; but if the relation of the plaintiff and the defendant be such that a duty arises from the relationship, irrespective of contract, for a breach of that duty, the remedy is an action of tort."

Mr. Pollock, in Law of Torts (12th Ed.) on page 547, says:

"Now that forms of pleading are generally abolished, or greatly simplified, it seems better to say that, wherever there is a contract to do something, the obligation of the contract is the only obligation between the parties with regard to the performance, whether there was a duty antecedent to the contract or not. But injury, which would have been a tort as breach of a duty existing at common law, if there had not been any contract, is still a tort."

Mr. Justice White, delivering the opinion in Atlantic & Pacific Railroad v. Laird, 164 U. S. 393, 17 S. Ct. 120, 41 L. Ed. 485, quoting with approval from Kelly v. Metropolitan Railway Co., 1 Q. B. 944, says:

"The distinction is this: If the cause of complaint be for an act of omission or nonfeasance which, without proof of a contract to do what has been left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists), then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort."

The authorities are quite fully reviewed and the rule announced by the Circuit Court of Appeals for this Circuit in Hamilton v. Empire Gas & Fuel Co., 297 F. 422. See authorities therein cited. Therefore, as in this case the government being compelled to bring onto the record and rely upon the written contract to show any duty, liability, or obligation of defendant to plaintiff, it is clear the plaintiff has no cause of action whatever soundng in tort as for negligence or fraud

6 F.(2d)—56

against defendant. The demurrer, therefore, to those counts must be sustained.

[2] As to the fourth count, which is based, as the government contends, on quasi contract, but which is in reality a demand for overpayment of money, or for money had and received to its use, it is clear, as the same was by the government paid voluntarily, by direction and on authority of the contracting officer, the same cannot be recovered, unless the settlement resulting from its voluntary payment by direction of an accredited representative of the government is impeached and set aside for either actual fraud or such gross mistake as will impute fraud to the transaction. See, Cook v. Foley, 152 F. 41, 81 C. C. A. 237; Mo., K. & T. Ry. Co. v. Elliott (C. C.) 56 F. 772.

Again, if from the manner in which the contract to be performed, as stipulated therein, the cost of construction was enhanced to the government, and defendant followed the contract method adopted, the government, and not defendant, must stand the loss. The foregoing principles would seem to be too well established in both reason and by authoritative decisions to need the citation of many authorities in their support.

[3] Viewed in this light, does the cause of action attempting to charge a breach of the written contract state sufficient issuable facts to show, if proven, an actionable breach of the contract pleaded? In determining this question, the large powers conferred on the contracting officer of the government of supervision and determination of disputes arising over the work, and his power to direct the course and method of doing the work, must be considered; for if these matters, wherein he had the determination and decision, perchance caused any additional expenditures to be made on the part of the government, for such increased expenditures, clearly, the government, and not defendant, must bear such loss. This seems the well-settled rule. See Clark v. United States, 73 U. S. (6 Wall.) 543, 18 L. Ed. 916, and cases cited; United States v. Smith, 94 U. S. 214, 24 L. Ed. 115.

Viewed in this light, and laying aside for the present the question whether the pleading of plaintiff shows such a state of facts as compels an assumption of such settlement between the parties as will necessitate resort to a court of equity to set it aside before this law action can be brought and maintained, does the count based on breach of contract state such issuable facts as will constitute a good pleading for damages for such breach?

The count on the breach of contract is very brief and reads, as follows:

"(1) The plaintiff repeats and realleges, as a part of this cause of action, each and every allegation contained in the paragraphs numbered 1 to 4, inclusive, of the first cause of action hereof.

"(2) By the terms of said agreement the defendant undertook and agreed with the plaintiff to use due skill and care in the superintendence, supervision, and performance of the work, and to perform or cause the same to be performed at a reasonable cost to the plaintiff, and at all times to use its best efforts in and about the superintendence, supervision, and performance of the work, to protect and subserve the best interests of the plaintiff.

"(3) That, notwithstanding its agreement as aforesaid, and in violation thereof, the defendant, throughout the construction of said cantonment, failed to use due care and skill in the superintendence, supervision, and performance of the work, and to use its best efforts in and about the superintendence, supervision, and performance thereof to protect and subserve the best interests of the plaintiff, in the respects set forth in subdivisions (a) to (g), inclusive, of the paragraph numbered 6 of the first cause of action hereof, each and every allegation of the said subdivisions of the said paragraph being here repeated and realleged as a part of this cause of action; and the defendant failed to perform the work or to cause the same to be performed at a reasonable cost to the plaintiff, but, on the contrary, the cost of the work exceeded the reasonable cost thereof, by the sum of three million dollars ($3,000,000).

"(4) That the plaintiff duly performed all of the conditions of the said agreement on its part to be performed.

"(5) That by reason of the breach of the said agreement by the defendant in the respects aforesaid, the plaintiff was damaged in the sum of three million dollars ($3,000,000)."

In my opinion, after a careful reading of this count, it is seen to contain a mere statement of glittering generalities and conclusions of the pleader. It does charge defendant failed properly to organize its employés, or to use due care to superintend and supervise the doing of the work, etc. What a correct standard of supervision or organization would have been is not attempted to be stated. Whether the method of superintendence, supervision, and organization employed by defendant was approved by the contracting officer in charge is not shown. In other words, the pleading is not a statement of issuable facts, but a mere theory or scolding of the pleader. Then comes in the pleading the further conclusion of the pleader that defendant's failure in superintendence, supervision, organization, etc., caused the difference between the reasonable cost of construction, if there had been proper superintendence, supervision, and organization, and the amount the government was compelled to pay. In other words, the evident purpose of this pleading as now framed is not to try issuable facts, but to prove what is a reasonable superintendence and supervision, and how, in theory, the organization for doing the work should have been done, and then what, in theory, the reasonable cost to the government should have been. Subtract this from the amount actually paid out by the government and thus adjudge the case, thus arrive at the $3,000,000 claimed.

[4] I have heretofore determined damages for breach of contract cannot be so measured or proven. Under former pleadings of plaintiff, as has been stated, it was the object of the pleader to so plead his case as to prove all acts done by defendant in the execution of the contract were negligently done, because in a few isolated instances pleaded it may have been shown to have been negligent, and then to prove the loss to the government was the difference between what was actually paid and what expert contractors and builders would estimate as the reasonable cost of constructing the work under the existing circumstances.

Under the present pleading it is manifestly the purpose of the pleader to show from the evidence just what supervision, superintendence of the work, was, and what organization of the forces employed in the doing of the work was, not for the purpose of comparing the same with any fixed standard of efficiency, or any requirement of the contract, but for the purpose of proving or attempting to prove by those who, by their training in the building business or in construction work, could show themselves qualified to speak, the supervision, superintendence, and organization was insufficient, and in their judgment this insufficiency occasioned the loss to the government of the difference between the reasonable cost and the sum actually paid, and thus estimate the amount of plaintiff's recovery; that is, under the former pleadings, only one-half of the case was to be made out by expert or opinion evi-

dence, but in the case now presented the entire case is to be made to rest in the judgment of experts.

As has been heretofore stated, such is not the controversy which must be made between the parties to this action, in view of their mutual obligations being fixed and determined by the written contract between them. The contract being the full measure of the duties, rights, and obligations of the one party to the other, it must be pleaded and proven the defendant breached some express or implied provision of this contract; what said provision or provisions of the contract are, in what manner they were broken, and what injury came to the government by such breach or breaches of the contract; that is, to again state, issuable facts, and not speculations, theories, or guesses, must be pleaded in the petition to entitle the plaintiff to a recovery.

Again, it is worthy of notice the petition clearly shows the money paid out to defendant was so paid under the direction of the contracting officer acting for the government; that the full amount so paid out was the correct amount, as estimated by the contracting officer for the government, upon the cantonment so constructed under the express direction of the contracting officer of the government. This contract gave such representative of the government almost exclusive power of direction of all things done, being performed, the work was accepted and used by the government for its emergency purposes; that is to say, the contract before the institution of this action had been fully executed and performed. If so, the entire matter of the contract rights of the parties stand performed and settled.

How, in the end, with the performance of the contract standing settled and discharged, an action at law for its breach can be maintained in advance of a decree setting aside and annulling the settlement made, is most difficult to conceive. However, viewing this action, as has been done, as one resting in contract alone, and the only action the government can maintain, if any, is one for breach of the contract, because all the rights, duties, obligations, and liabilities of the parties to each other reside in and are measured by this contract, I am of the opinion, under all the facts well pleaded, it is not sufficient statement of issuable facts of an action to recover damages for breach of contract.

The demurrer is accordingly sustained. It is so ordered.