**SEWELL et al. v. J. E. CROSBIE, Inc., et al.**

**No. 12127.**

Circuit Court of Appeals, Eighth Circuit.

April 23, 1942.

Osro Cobb, of Little Rock, Ark., for appellants.

Charles A. Steele, of Tulsa, Okl. (W. A. Daugherty, of Tulsa, Okl., on the brief), for appellee J. E. Crosbie, Inc.

Louis L. Dent and John P. Hampton, both of Chicago, Ill., for appellee Henry H. Cross Co.

Before SANBORN and WOODROUGH, Circuit Judges, and TRIMBLE, District Judge.

SANBORN, Circuit Judge.

The sole question presented by this appeal is that of jurisdiction. The appellants, citizens of Illinois and plaintiffs below, commenced this suit against J. E. Crosbie, Incorporated, an Oklahoma corporation, and Henry H. Cross Company, an Illinois corporation, in the Chancery Court of Ouachita County, Arkansas. J. E. Crosbie, Inc., removed the suit to the court below upon the ground that there was in suit a controversy wholly between the plaintiffs and the defendant J. E. Crosbie, Inc., which could be fully determined as between them. 28 U.S.C.A. § 71. The plaintiffs moved to remand the suit, asserting that no separable controversy was involved and that only one cause of action was stated against the defendants jointly. The motion to remand was denied, and, after a trial, judgment for the defendants was entered. The only ground upon which the judgment is challenged is that the court erred in refusing to remand the case to the State court.

Whether the trial court erred in retaining jurisdiction must be determined from the complaint as it was at the time the defendant J. E. Crosbie, Inc., petitioned for the removal of the suit, and not as it was subsequently amended. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334; Polito v. Molasky, 8 Cir., 123 F.2d 258, 260; Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535, 537.

At the time the suit was removed, the allegations of the complaint were: That plaintiffs are citizens of Illinois; that defendant J. E. Crosbie, Inc., is an Oklahoma corporation engaged in leasing and operating oil lands and marketing oil and gas; and that Henry H. Cross Company is an Illinois corporation engaged in purchasing oil and operating oil refineries. That "the claims here asserted are of a complicated character for which plaintiffs seek an accounting." That plaintiffs each own a full one-sixteenth royalty interest in certain oil-producing lands in Arkansas, which are being operated by J. E. Crosbie, Inc., under leases requiring the lessees "to deliver to the credit of lessor, free of cost, in tanks or pipe lines to which it may connect its wells, the equal one-eighth (⅛) part of all oil produced and saved from

the leased premises." That the leases required the lessees and their assigns faithfully to account to the plaintiffs for the number of barrels of oil removed from their lands and for their interest in the "true sale price of said oil." That defendant J. E. Crosbie, Inc., has "been violating and breaching the provisions of said lease contracts in the manner hereinafter stated." That the oil lands have been producing oil since 1922. That defendant J. E. Crosbie, Inc., "as lessee of said oil lands," has been in exclusive control of the recovery and marketing of oil and gas from plaintiffs' land, and they have relied upon J. E. Crosbie, Inc., to market the oil for the best price obtainable and to procure for them their full proportion of the true sale price of the oil. That J. E. Crosbie, Inc., has colluded with purchasers of oil to defraud plaintiffs and "has been selling and the purchasers buying the oil produced on said lands * * * at a price per barrel substantially more than the price disclosed to the plaintiffs and substantially more than the price paid to the plaintiffs in settlement for their royalty oil." That the records of defendant J. E. Crosbie, Inc., will show "frauds and discriminations against these plaintiffs." That the defendant J. E. Crosbie, Inc., and the purchasers of oil misrepresented the price at which the oil was being sold and purchased, and that defendant J. E. Crosbie, Inc., owed the plaintiffs the duty of informing them of prices received by it for oil in excess of the prices paid plaintiffs for their part of the oil, and that J. E. Crosbie, Inc., "breached this duty and committed fraud upon these plaintiffs by concealing this material and necessary information from these plaintiffs to their injury." That, in furtherance of a scheme to defraud the plaintiffs, J. E. Crosbie, Inc., and the purchasers of oil concealed from the plaintiffs the true sale price of the oil, and thereby caused the plaintiffs to believe that they were receiving their full share of the "true sale price of said oil." That in 1939 the plaintiffs demanded a full accounting from the defendant J. E. Crosbie, Inc., and full payment of all sums due them from it, but that such accounting and payment was refused. That J. E. Crosbie, Inc., sold some or all of the oil produced on plaintiffs' lands to defendant Henry H. Cross Company. That the defendants have acted in collusion and in furtherance of a conspiracy to defraud and cheat plaintiffs "and it will be necessary for plaintiffs, in order to establish their rights, to be permitted to examine and inspect all of the records of the defendant J. E. Crosbie, Incorporated, and of the defendant, Henry H. Cross Company, Incorporated, and the records of all other persons, firms or corporations purchasing said oil * * * *." That the defendants have violated the provisions of Act 222 of the Acts of Arkansas of 1929, in the following particulars:

"First, By entering into secret contracts between themselves whereby J. E. Crosbie Incorporated received a greater price per barrel than that paid to plaintiffs for their proportionate royalty interest in the same oil.

"Second, By not disclosing to the plaintiffs that J. E. Crosbie Incorporated was being paid a higher price than plaintiffs for the same oil.

"Third, By not disclosing to these plaintiffs that other royalty owners similarly situated to the plaintiffs were also being paid a higher price than plaintiffs for the same oil.

"Fourth, By failing to protect the royalty interest of these plaintiffs in not paying such plaintiffs the same price for oil as that secured by and paid to J. E. Crosbie Incorporated for the same oil.

"That said acts, violations and breaches of duty on the part of the defendants were done and committed in the knowledge that these plaintiffs were being paid less for their oil than was being paid to J. E. Crosbie Incorporated and plaintiffs here invoke and claim all of the benefits, damages and penalties accruing to them under the provisions of said Act 222."

The prayer for relief reads as follows: "Plaintiffs pray for a full accounting and that upon final hearing for a decree in judgment against the defendants, jointly and severally, for all sums lawfully due them together with statutory penalties provided in Act 222 of the Acts of Arkansas, 1929, for costs and for all other proper relief to which the plaintiffs are entitled."

The plaintiffs assert that their complaint charges the defendants with participating in a conspiracy to defraud the plaintiffs of the fair price of their oil. The defendants contend that the complaint clearly charges a breach of the contract or lease pursuant to which the defendant J. E. Crosbie, Inc., produced and marketed the oil and gas in suit and which gave rise to the plaintiffs' rights to royalties and to

have an accounting therefor. The defendants also contend that violations of the statute of Arkansas referred to in the complaint would create several and not joint liabilities.

■ We think it is not necessary to determine whether the liability, if any, of the defendants under the statute of Arkansas which they are charged with violating would be joint or several, since, in our opinion, the complaint, among other things, clearly charges the defendant J. E. Crosbie, Inc., with a breach of contract in failing to account to plaintiffs for the correct proceeds of oil sold on their behalf. This cause of action was necessarily one in which only the plaintiffs and the defendant J. E. Crosbie, Inc., were involved. The other defendant was a purchaser of oil and was not a party to the contract between the plaintiffs and J. E. Crosbie, Inc.

■ The Supreme Court of the United States, in Fraser v. Jennison, 106 U.S. 191, 194, 1 S.Ct. 171, 174, 27 L.Ed. 131, has said that, in order to entitle a party to a removal under the federal statute here involved, "there must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other." See, also, Barney v. Latham, 103 U.S. 205, 210–212, 26 L.Ed. 514; Hyde v. Ruble, 104 U.S. 407, 409–410, 26 L.Ed. 823; Geer v. Mathieson Alkali Works, 190 U.S. 428, 432, 23 S.Ct. 807, 47 L.Ed. 1122; City of Gainesville v. Brown-Crummer Investment Co., 277 U.S. 54, 60, 48 S.Ct. 454, 72 L.Ed. 781.

■ That a joint accounting is demanded cannot affect the separability of the controversy between the plaintiffs and the defendant J. E. Crosbie, Inc., over its alleged failure to pay over to them what, by the terms of their contract, they were lawfully entitled to receive. Chicago & A. Ry. Co. v. New York, L. E. & W. R. Co., C.C., 24 F. 516, 517.

■ Charges that a party to a contract colluded or conspired with others in connection with its breach will not serve to convert what is essentially a separable cause of action for a breach of contract into a joint cause of action for tort. This suit is substantially similar to that of Hamilton v. Empire Gas & Fuel Co., 8 Cir., 297 F. 422, in which it was charged that breaches of a lease of oil lands resulted from a conspiracy on the part of several defendants to deprive the plaintiffs of royalties. In ruling that a separable controversy existed between the parties to the lease, this Court said (page 425 of 297 F.) : "The existence of the lease, and of the implied covenant accompanying the same to drill protection wells on plaintiff's land when and where necessary (admitted by both parties), and failure of the defendant company to drill such wells, make up one cause of action against the defendant company. This cause of action is for breach of contract. The allegation of ill will does not change its character; the allegation of conspiracy with the individual defendants does not change its character. It is to be noted that the conspiracy alleged is not one between third parties to induce the defendant company to breach its contract with the plaintiffs, but a conspiracy between the defendant company, a party to the contract, and the individual defendants, who are not parties to the contract, to do certain acts which would be a breach of the contract on the part of the defendant company but not on the part of the individual defendants. The allegation of conspiracy, with such a state of facts, adds nothing to the cause of action."

In Genuine Panama Hat Works, Inc., v. Webb, D.C., 36 F.2d 265, 267, Judge Woolsey said: "But recriminatory words sounding in tort, however numerous or however oft-repeated, cannot change the structural essence of a cause of action." See also, United States v. George A. Fuller Co., Inc., D.C., 6 F.2d 879, 880, 881.

Our conclusion is that the complaint disclosed at least one separable controversy between the plaintiffs and the defendant J. E. Crosbie, Inc., and that therefore the court below did not err in refusing to remand the case.

The judgment is affirmed.

WOODROUGH, Circuit Judge (dissenting).

It seems to me that the federal court should have remanded this case to the state court from whence it came. The plaintiffs are the owners of oil lands from which defendant Crosbie extracts the oil under a lease which reserves to the landowners one-eighth of the oil produced and saved from the premises. Over a course of years the non-resident defendant Crosbie

has delivered the oil produced from the lands to the resident defendant Cross, assuming to account to plaintiffs for their royalty, and the plaintiffs claim that Crosbie and Cross entered into a conspiracy to cheat the plaintiffs out of the full value of their one-eighth royalty part of the proceeds. That by cooperation, one helping the other, defendants succeeded in concealing from plaintiffs the true amounts realized from the oil produced from the land and so deceived plaintiffs into accepting less than their rightful share. Plaintiffs sought disclosure of the books and records of both defendants for accounting and a joint and several judgment against them both for the amount lawfully due.

The removal to the federal court has been sustained on the ground that there was a separable controversy between plaintiffs and Crosbie to which Cross was not a party. The complaint plaintiffs filed in the state court contained twenty paragraphs. It was discursive and by piecing together some of its parts and disconnecting other parts, quite a number of separable controversies have been drawn out of it. In Crosbie's petition for removal it was alleged "that the primary and fundamental controversy is for an accounting by the defendant Henry H. Cross Company." In Crosbie's brief three entirely different separable controversies between plaintiffs and itself are drawn from the complaint and argued at length. This court finds a separable controversy in that the complaint charges Crosbie with a breach of contract in failing to account to plaintiffs for the correct proceeds of oil sold on their behalf.

On the argument at the bar Crosbie's counsel frankly conceded that the plaintiffs had tried to plead a joint cause of action against both defendants and there is no claim that there was any sham or fraudulent joinder. That being so, I would indulge every fair intendment to sustain the pleading as a whole in accord with its intention, and going at it in that way, it seems reasonably clear to me that the plaintiffs charged and relied for their recovery on more than a mere failure of Crosbie to account for the correct proceeds of oil sold on plaintiffs' behalf. They relied rather on the joint action of both defendants cooperating to accomplish a concealment of the facts concerning the disposition of the oil production and consummation of actionable deceit whereby plaintiffs

were defrauded of their full royalty rights. Therefore it seems to me the case is not analogous to Hamilton v. Empire Gas & Fuel Co., 8 Cir., 297 F. 422. There owners of oil land charged their lessee, a non-resident corporation, among other things, with a wrongful failure to drill offset wells, in violation of the implied obligation of the lease contract. They. made the company's resident employees parties defendant and claimed that the action was for joint tort. This court found upon close reasoning that the cause of action stated against the company for damages on account of the company's failure to perform its contractual obligation to drill offset wells presented a separable controversy to which the company's employees were not parties, and that controversy was cognizable in the federal court.

But the picture here is that as the plaintiffs' oil comes out of the wells it flows into the hands of two parties. Neither is a servant of the other or of the plaintiffs, but both know the plaintiffs' rights. The physical possession of the oil afforded opportunity to dispose of it and an obligation to account for the correct proceeds or true value of it is an obligation that the law imposes on any one who has the property of another in his possession and sells it. For breach of that obligation the law affords a choice of remedies. In Arkansas where two or more conspire to cheat the owner out of the value or proceeds they commit a joint tort and are subject to a joint action. Wilson v. Davis, 138 Ark. 111, 211 S.W. 152. The plaintiffs here have chosen to bring such a joint action against these defendants in the state court and it seems to me that their pleading of the background of contract, fiduciary relations and duty to account, which explains the opportunity for the conspiracy, is not inconsistent with the charge of joint tort as the actionable wrong. The basis for federal jurisdiction found in the contract seems to me elusory in view of the identical but joint liability to account that may be attributed to the conspiracy. I venture to dissent for that reason rather than from conviction that lack of such jurisdiction has been demonstrated. We have in the briefs a hundred and twenty-five pages of scholarly analyses and syntheses of the clauses of the complaint and able arguments from which it would seem that a hair may divide our jurisdiction from the want of it.

604 .

One thing that stands out uncontrovertible is that on the face of the complaint the plaintiffs had a right to maintain a joint action against the two parties who they say stood at the mouth of the oil well and cooperated to defraud them out of the proceeds of the oil, and that the plaintiffs in good faith attempted to state that joint action in their complaint and to recover on it. I think the federal court may well go back to that clear ground after considering all the arguments, and taking its stand upon it, decline the jurisdiction.