SCHELL ET AL., D. B. A. SCHELLS' GARAGE, APPELLEES, *v.*
KAISER-FRAZER SALES CORP. ET AL., APPELLANTS.
KAISER-FRAZER SALES CORP., APPELLANT, *v.* SCHELL ET AL.,
APPELLEES.

(Nos. 3487 and 3486—Decided May 25, 1971.)

*Messrs. Ritter & Boesel, Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Gordon H. Savage,* for appellants.
*Messrs. Curtner, Selva, Parkin & Seller,* for appellees.

GRAY, J. This cause is in this court on appeal on questions of law from judgments entered in the Common Pleas Court of Montgomery County. A judgment was rendered in favor of plaintiffs against defendant Kaiser-Frazer Sales Corporation on the first cause of action in the sum of $164,200.46. On the second cause of action, a judgment was rendered in favor of plaintiffs and against the defendants Kaiser-Frazer Sales Corporation and Willys Motors, Inc. in the sum of $100,000. No verdict, and, hence no judgment was rendered against the remaining defendant, Laurel C. Worman, Inc.

Defendants, Kaiser-Frazer Sales Corporation and Willys Motors, each filed motions for a judgment notwithstanding the verdict and for new trials. Both motions were overruled and the above judgments on the verdicts were entered by the trial court.

Defendants, feeling aggrieved by this action of the trial court, filed their notices of appeal and assigned 30 errors. We believe that assignment of error No. 7 is well taken and is dispositive of the case. Therefore, we will not consider the other 29 assignments of error.

Assignment of error 7 reads as follows:

"Error of the court to find as a matter of law that plaintiffs' alleged verbal contracts are unenforceable under the statute of limitations."

We wish now to address ourselves to such error.

On March 31, 1955, there was filed in the Court of Common Pleas of Montgomery County a petition of plaintiffs naming Kaiser-Frazer Sales Corporation, Willys Motors, Inc. and Laurel C. Worman, Inc. defendants. There were two causes of action. The first cause of action prayed for damages for breach of a written contract dated July 24, 1952 and executed at Dayton, Ohio.

The prayer of the petition also requested that the agreements of June 26, 1952 "be reformed to express the true and real agreement of the parties as was induced by the Kaiser-Frazer Sales Corporation."

In the second cause of action, a conspiracy was charged as existing among the three defendants to breach a

contract to which plaintiffs were parties, to their resultant damage.

There were two sets of two contracts. The first two agreements were entered into by plaintiffs and Kaiser-Frazer Sales Corporation on June 26, 1952. One contract was for the vending of parts and accessories of Kaiser-Frazer by plaintiffs and the second was for a new car dealership whereby plaintiffs would sell Kaiser-Frazer cars.

A second set of contracts of the same nature superseding the first set was entered into by the same parties on July 24, 1952.

We will now consider some of the questions raised pertaining to the first cause of action.

An amended petition was filed January 11. 1957 containing substantially the same allegations and prayer.

On September 23, 1963, a "substituted" amended petition was filed in which plaintiffs abandoned their theory of recovery on the written contracts and the reformation of the two agreements of June 26, 1952.

A second "substituted" amended petition was filed January 17, 1964.

A third "substituted" amended petition was filed April 18, 1964. The first cause of action of this petition was not based upon a written contract and, accordingly, it did not request reformation. It contained among others an allegation that Kaiser-Frazer Sales Corporation agreed to indemnify plaintiffs in certain respects.

To this latter petition Kaiser-Frazer, Willys Motors and Laurel C. Worman, Inc. filed answers. The Willys and Worman answers were directed to the second cause of action while the answers of Kaiser-Frazer were directed to both the first and second cause of action. One defense raised by Kaiser-Frazer was that the first cause of action as alleged in the petition did not accrue within 6 years prior to the filing of the third amended petition, and is therefore, barred by the statute of limitations.

The trial proceeded on the third "substituted" amended petition and the answers of the three defendants thereto.

Plaintiffs initially pleaded a cause of action based upon the terms of the contracts dated July 24, 1952 and damages flowing from the breach thereof. They also asked for reformation of the antecedent contracts dated June 26, 1952.

On September 23, 1963 plaintiffs filed their "substituted" amended petition wherein they abandoned their cause of action based upon a written contract and reformation and proceeded upon the basis of an oral contract.

The Supreme Court in *Bush* v. *Kelley's Inc.*, 18 Ohio St. 2d 89, 91 said:

"In *Brown* v. *Cleveland Baseball Co.*, 158 Ohio St. 1, 106 N. E. 2d 632, this court reaffirmed the holding of *Louisville & Nashville Rd. Co.* v. *Greene*, 113 Ohio St. 546, 149 N. E. 876, that where no new, independent cause of action, distinct from that contained in the original petition, is alleged in an amended petition, under our liberal statutory rules pertaining to amendment, the amendment could be made after the statute had run and relates back to the original filing of the petition."

Using this as a standard, we now proceed to consider the legal effect of the various petitions filed in this case. We believe that there was a marked departure from the claims and allegations made in the first cause of action in the original petition and the one filed approximately eight years later so that a new, independent cause of action, distinct from that contained in the first cause of action in the original petition is alleged in the "substituted" amended petition. Even under our liberal statutory rules pertaining to amendment, an effective amendment could not be made after the statute of limitations had run, and the facts and allegations contained in the "substituted" amended petition could not relate back to the filing of the first petition. We are using the nomenclature of plaintiff, however we know of no provision of the law providing for the filing or designating of petitions as "substituted" ones.

R. C. 2305.07 reads as follows:

"Except as provided in Section 1302.98 of the Revised Code, an action upon a contract not in writing, ex-

press or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.''

Plaintiffs changed their first causes of action from ones based upon written contracts with reformation thereof to ones based upon oral contracts. This was done after the expiration of the six-year period of limitation of actions on oral contracts.

Various courts and jurisdictions use different theories and different approaches, but in the end they arrive at the same result, i. e., what plaintiffs have attempted to do can not be done.

Various tests have been devised to determine when a new and independent cause of action has been pleaded which is distinct from that contained in the original petition.

Applying some of these to this controversy. we come up with the following questions:

(1) Will the same evidence support a judgment rendered on either petition?

(2) Will a judgment on the third "substituted" amended petition bar a judgment on the original petition?

(3) Will the allegations of the last petition filed deprive the defendants of a defense?

(4) Will the proof be different in the two situations?

(5) Will different rules of evidence apply in the trial of the two cases?

(6) Is the first cause of action stated in the petition inconsistent in its aims and results with that in the third "substituted" amended petition?

By asking these questions and applying the answers thereto to the petitions filed, we come to the conclusion that plaintiffs filed a new and independent cause of action which is distinct from that contained in the original petition and that, therefore, the amendment having been made after the statute of limitations had run on the enforcement of the provisions of the oral contracts, the amendment does not relate back to the time of the filing of the original petition. Under these circumstances, a defendant should not

be required to answer a wholly different fact pattern creating a wholly different legal liability.

We now address ourselves to the questions raised in connection with the second cause of action. It seeks damages against KaiserFrazer, Willys Motors and Laurel C. Worman, Inc. The allegations of the second cause of action remained the same throughout the various amendments.

We are of the opinion that the second cause of action set forth herein does not state facts sufficient to constitute a cause of action. The pleader incorporated the first cause of action in the second cause of action which is not good practice in this case.

Plaintiffs, in their second cause of action, are charging the three defendant corporations with conspiracy to induce one of the defendants to breach its contract with plaintiffs. A cause of action is not stated. Since all of the defendants are corporations, it would be necessary that they operate by means of agents. No agents are named. Who are they? Were they acting within the scope of their authority and with the permission and consent of the parent company?

Where did the conspiracy take place? When? No dates or places pertaining to the conspiracy are alleged, either in the first or second cause of action. What persons conspired to effect the cancellation of the contract? How and by what means did they accomplish the conspiracy and the alleged resultant damage to plaintiffs?

A general allegation of conspiracy without a statement of facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action. Although detail is unnecessary, the plaintiffs must plead the facts constituting the conspiracy, its object, and accomplishment. The plaintiffs have pleaded none of these facts. Neither the date of the alleged conspiracy nor its attendant circumstances are set forth. Nor is it averred who made the statements, where, when or to whom.

There is substantial authority to the effect that a person or a corporation may not be held liable for conspiring to breach his own contract. See 15A Corpus Juris Secun-

dum 640, Conspiracy, Section 13. *Sewell* v. *Crosbie, Inc.* (C. C. A. 8), 127 F. 2d 599, 602; *Griebel* v. *Case Credit Corporation* (D. C. Minn.), 285 F. Supp. 621, 624.

The theory of plaintiffs in stating their second cause of action was that they were entitled to punitive damages and compensatory damages in the sum of $200,000. The jury awarded them $100,000 punitive damages and a judgment of the court was entered upon this verdict.

We believe that this judgment is erroneous. The Supreme Court in *Davis* v. *Tunison,* 168 Ohio St. 471, 474 said: "Punitive damages may be awarded only in reference to a tort and never in an action *ex contractu. Ketcham* v. *Miller,* 104 Ohio St. 372." The gravamen of the complaint is the breach of the contract. *Saberton* v. *Greenwald,* 146 Ohio St. 414, 421.

The answer of Willys Motors, Inc. to the third "substituted" amended petition contains six defenses, the third of which is that plaintiffs' third amended petition fails to state a cause of action against this defendant

The answer of defendant Kaiser-Frazer Sales Corporation contains eleven defenses, the fourth defense of which alleges that the first cause of action alleged in plaintiffs' third amended petition did not accrue within six years prior to the date of filing of the third amended petition, and is therefore barred by the statute of limitations. The sixth defense thereof states that the third amended petition fails to state a cause of action against defendant Kaiser-Frazer Sales Corporation.

The first cause of action is dismissed as it shows that the action was not brought within the period of time permitted by statute.

The second cause of action is dismissed for the reason that the facts stated therein do not constitute a cause of action.

We now come to consider the errors assigned in case no. 115800.

On August 22, 1966 an entry journalized in case no. 115800 consolidated that case with case no. 108161. The two cases were tried together. Case no. 108161 is now Court of

Appeals no. 3487 and case no. 115800 is Court of Appeals no. 3486. The petition in 108161 was filed March 31, 1955 and there Robert L. Schell and Donald J. Schell, a partnership, d. b. a. Schells' Garage, were plaintiffs and Kaiser-Frazer Sales Corporation, Willys Motors, Inc. and Laurel C. Worman, Inc., a corporation, were defendants. We have heretofore discussed the pleadings in this case.

The petition in case no. 115800 was filed June 17, 1959, and in that action Kaiser-Frazer was plaintiff and Robert L. Schell and Donald J. Schell were defendants. The prayer of the petition was for a money judgment in the sum of $24,510.35 on an account. On July 23, 1959 an answer was filed. On December 27, 1960 the court ordered case no. 115800 consolidated. Case no. 115800 was tried to the jury on the petition on the account and the amended answer consisting of a general denial. At the end of the trial, defendants requested that they be permitted to amend their answer by substituting the original answer filed in this case. This motion was granted by the trial court. The contents of the second amended answer did not conform to that contained in the first answer. It contained many of the allegations of the petition in case no. 108161, one of which stated:

"Defendants say that acting and depending upon the representations, oral inducements and offers to contract of said plaintiff, its agents, employees and officers, its successors and assigns, defendant, on or about June 26, 1952 orally accepted said above described proposal and offer for the dealership for the sale and service of both parts and accessories of plaintiff, as well as the new car dealership * * *."

The contract on which defendants relied in case no. 115800 was, thus, an oral one. We do not believe that defendants should be permitted to amend their answer to urge a defense over the objection of plaintiff, Kaiser-Frazer Sales Corporation when such defense accrued June 26, 1952 and was pleaded first as a defense October 31, 1966. In our opinion in case no. 108161, we held that the oral contract pleaded in the third substitute amended petition

was not brought within the time limit permitted by law. We now hold that this same oral contract is still barred by the statute of limitations and it cannot form the basis for a defense. We believe that this action on the part of the trial court was a mistaken use of discretion.

It is our opinion that the trial court was in error in ordering the two cases tried together over the objection of the defendant. We think that where cases are such that they cannot be formally consolidated, i. e. actually merged, they may only be tried together by consent. R. C. 2309.64 applies only to cases capable of actual consolidation and of being merged into one, and where the defendants are the same in both cases.

While it is true that such actions as these may be tried together by consent with the approval of the court, and while actions which may properly be united may be formally consolidated over the objection of a party in the discretion of the court, we do not think that cases which cannot be actually consolidated may be tried together without the consent of the parties.

We are of the view that the terms of R. C. 2309.64 require that the movants for consolidation must be the defendants in both cases. The judgment rendered in case no 115800 was appealed by both parties. The verdict was for $9,000. Defendants claim that the verdict should have been in their favor. Plaintiff contends it should have had a judgment for the full amount prayed for. We think that the order of consolidation for trial created a legal monstrosity, a double headed civil action. Plaintiff maintains that when the court charged the jury "that defendants Schell admit that the amount of the balance due on such parts and accessories account claimed by Kaiser-Frazer Sales Corporation is [a] correct figure and amount so far as accounts and accounting are concerned" and when the court did not then direct the jury to bring in a verdict it committed prejudicial error.

These matters have been related to exhibit the difficulty of trying these cases under these circumstances. In summation, we make the following conclusions. In case no.

108161 the first cause of action only pertained to Kaiser-Frazer. The theory of that action was for damages for breach of contract. The second cause of action in case no. 108161 was based upon the theory that defendants conspired to effect a cancellation of the contract between the Schells and Kaiser-Frazer to the resultant damage of the Schells. Consolidated with these causes of action, for purposes of trial, was the action of Kaiser-Frazer against the Schells on an account. The Schells in the amended answer attempted to use as a defense the first cause of action they pleaded in their petition in case no. 108161. We think that both parties were prejudiced by the verdict and judgment. For the above reasons, we are of the opinion that the verdict and judgment should have been set aside and a new trial granted by the trial court.

This cause is remanded to the trial court for further proceedings according to law not inconsistent with this opinion.

*Judgment accordingly.*

YOUNGER, J., concurs.

GUERNSEY, J. (Presiding). I concur in the judgment in case number 3487 reversing and vacating the judgment of the Common Pleas Court in case number 108161 and rendering final judgment for defendants-appellants dismissing the plaintiffs' third substituted amended petition filed on April 18, 1964. I also concur in the judgment in case number 3486 reversing and vacating the judgment of the Common Pleas Court in case number 115800 and remanding that cause to the Common Pleas Court for new trial.

YOUNGER and GUERNSEY, JJ., of the Third Appellate District, and GRAY, J., of the Fourth Appellate District, sitting by designation in the Second Appellate District.