Warren H. STEINBERG, a/k/a "Bud" Steinberg, Plaintiff-Appellant,

v.

OGDEN FOODS, INC., et al., Defendants-Appellees.

No. 74–1126.

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1974.

Decided Aug. 29, 1974.

Leo Blum, Columbus, Ohio, on brief, for plaintiff-appellant.

Rankin Gibson, Columbus, Ohio, on brief, for defendants-appellees.

Before WEICK, EDWARDS and Mc-CREE, Circuit Judges.

PER CURIAM.

We consider an appeal from a judgment entered upon a jury verdict for defendants in a diversity action for breach of an oral contract of employment. Appellant claimed that he was employed on January 5, 1970, by appellees as regional supervisor of their food concession business under an oral contract for one year at a salary of $20,000. He charged that appellees breached the contract by wrongfully discharging him on August 27, 1970, before the end of the contract year, and he prayed for compensatory and punitive damages. Appellees admitted that Steinberg worked for them, but denied that he was employed on an annual contract. The proofs presented a direct factual conflict and the jury apparently believed appellees' version that there was no annual contract and that there was cause for the discharge because of reduced sales in the area under appellant's supervision.

Nine assignments of error are urged on appeal. Four of these contentions relate to the conduct of the trial judge. Steinberg asserts that the judge made rulings out of the hearing of the court reporter so that a full and complete transcript of the proceedings could not be prepared, and that he harassed, demeaned and humiliated appellant's counsel. The other contentions are that the district court erred in foreclosing appellant's counsel from interrogation of the jurors individually in the voir dire, in failing to rule on a motion to compel discovery; in refusing to permit a line of questioning of a witness tendered as an expert; in prejudicially and improp-

erly examining witnesses; and in refusing to submit the issue of punitive damages to the jury.

■ The first category of contentions raises serious questions about the extent and manner of a judge's intervention in the conduct of a trial. Although a trial judge is more than just a passive monitor, he must be careful not to indicate by his behavior that he prefers one litigant over another or that he disparages a litigant or his counsel. Also, the practice of "side-bar" conferences should not be encouraged because decisions that are not recorded by the reporter cannot be reviewed on appeal. In this trial, there were more than a dozen instances when the court, either *sua sponte* or upon request, called counsel to the bench and made some kind of ruling or gave some kind of instruction. Also, the record contains peremptory commands to counsel like "take your seat," and invitations to counsel to object to a line of questioning. Nothing about the behavior of either lawyer appears to have warranted this treatment. On the contrary, counsel appear to have conducted themselves in an obsequious manner throughout the trial. Plaintiff and defendants shared the impact of the court's behavior, and although plaintiff's counsel was favored with the majority of the court's attention, defense counsel was also interrupted and admonished in the presence of the jury.

■ The impartial and even-handed visitation of error on both litigants ordinarily will not cure the vice. However, in this case, neither side appears to have received an unfair advantage, and we are not persuaded to upset the verdict.

■ The remaining issues are without substance. The judge did not abuse his discretion in the conduct of the voir dire because appellant was permitted to ask questions of the jurors collectively, and it appears that in an appropriate instance he would have been permitted to explore a response individually. And, since appellant did not request a ruling on his motion for discov-

ery at the final pretrial conference, we regard him as having abandoned it. Further, we perceive no abuse of discretion or other error in not permitting the expert witness to testify about appellees' method of keeping accounts or in the court's examination of witnesses. Finally, the court's decision not to instruct on the issue of punitive damages was proper because, in Ohio, punitive damages will not be awarded for breach of contract, if at all, unless the breach was occasioned by malice, fraud, or some other aggravating circumstances, Schell v. Kaiser-Frazier Sales Corp., 28 Ohio App. 2d 16, 274 N.E.2d 315 (1971), and the record is devoid of any evidence that appellant's discharge was so infected.

■ Although the trial court should have been more restrained in its conduct of the trial and more concerned about the appearance as well as the substance of impartiality, we hold that any error in his conduct was harmless.

Affirmed.